# Hammond, Appellant, *v.* Hammond.

*Real estate—Easements—Ways—Right to construct bridge—Extent of easement—Backing of water—Extraordinary flood—Act of God—Damage to servient tenement—Judgment for defendant.*

1. A grant is to be construed in favor of the grantee and includes whatever is reasonably necessary to an enjoyment of the thing granted.

2. One having a right of way over land of another may substitute a bridge for a ford as a means of crossing a creek, where the method of such crossing had not been designated in the original deed or grant, provided the bridge is constructed in such a way as to cause the least practical damage to the owner of the servient tenement and provided ample room is left for the natural flow of water, even in time of flood, unless the flood be of unusual extent.

3. Where one has been in possession of a right of way for many years and in the use of such way has crossed over a stream by means of a ford for over twenty years, he is not thereafter precluded from erecting a bridge over the stream in the line of the easement.

4. In an action to recover for injuries alleged to have resulted

to plaintiff's land from the construction of a bridge over a stream, it appeared that defendant had been granted a right of way twenty feet in width over plaintiff's land, and that the way crossed the stream at the point where the bridge had been erected; that for twenty-one years defendant had crossed the stream by fording it, and that after the erection of the bridge an extraordinary flood had occurred and that the bridge caused the waters to back up and flood a part of the plaintiff's land. The trial judge charged the jury that defendant might lawfully build a bridge if reasonably necessary to afford himself and family a safe passage over the right of way, provided said bridge was constructed so as to cause plaintiff no appreciable damage under ordinary circumstances. *Held,* the evidence would not have warranted a finding of even nominal damages for the plaintiff, and a verdict for the defendant was sustained.

*Practice, Supreme Court—Statement of questions involved.*

5. Assignments of error not embraced in the questions involved will not be considered.

Argued March 5, 1917. Appeal, No. 347, Jan. T., 1916, by plaintiff, from judgment of C. P. Franklin Co., Feb. T., 1916, No. 15, on verdict for defendant, in case of Martin F. Hammond v. Philip A. Hammond. Before Mestrezat, Potter, Moschzisker, Frazer and Walling, JJ. Affirmed.

Trespass for alleged injuries to real estate. Before Gillan, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were rulings on evidence and instructions to the jury.

*John W. Hoke,* for appellant.—A grant of a right of way gives nothing to the grantee except the right of way; the ownership of the soil remains in the owner of the servient tenement and the latter will not be deprived of the use of the soil in any way that does not interfere with

the easement: Hartman v. Fick, 167 Pa. 18; Mercantile Library Co. of Philadelphia v. Fidelity Trust Co., 235 Pa. 5; Gebhart v. Graves, 36 Pa. Superior Ct. 228.

The defendant having used the right of way in a certain manner for many years may not change or enlarge it without a new grant: Helwig v. Miller, 47 Pa. Superior Ct. 171; Liquid Carbonic Co. v. Wallace, 219 Pa. 457; Ebert v. Mishler, 234 Pa. 609; Winslow v. Vallejo, 5 L. R. A. (N. S.) 851.

*Irvin C. Elder,* with him *Walter K. Sharpe,* for appellee.—The grantee of a defined right of way has the right to do whatever is necessary to make it passable or usable for the purposes named in the grant: Senhouse v. Christian et al., 1 Term Rep. 560; White v. Eagle & Phœnix Hotel Co., 68 N. H. 38 (34 Atl. Repr. 672); Nichols v. Peck, 40 L. R. A. 81.

· The defendant could not be expected to provide against extraordinary floods: Thatcher v. Baker, 109 Pa. 22; Bell v. M'Clintock, 9 Watts 119; McCoy v. Danley, 20 Pa. 85.

OPINION BY MR. JUSTICE WALLING, May 7, 1917:

This action of trespass involves the authority of one having a right of way over the land of another to substitute a bridge for a ford as a means of crossing a creek, where the method of such crossing was not designated in the original grant.

In 1893, Martin P. Hammond, the owner of a large farm in Fannett Township, Franklin County, conveyed a part thereof to his son, Philip A. Hammond, the defendant; and as the premises so conveyed did not extend to the public highway, the deed provides that: "it is further agreed that the said Philip A. Hammond, his heirs and assigns, is to have the free and uninterrupted use, liberty and privilege of a road twenty feet in breadth from the said premises across the creek to the public road now, hereafter and forever."

The creek is known as "Spring Run," and at the place in question extends parallel with and a short distance from the highway. Defendant and his family had occupied the premises so conveyed to him for about four years prior to 1893, and such occupancy has continued to the present time; and the only practical means of access thereto is the right of way included in the deed. At the time of the conveyance, for many years prior thereto, and for over twenty-one years thereafter, the only means of crossing the creek at this point was a ford, except a log on which pedestrians could walk. In times of high water it was difficult, and occasionally for two or three days at a time impossible, to ford the stream. Sometimes in order to keep out of the water the occupants of a buggy had to sit on the back of the seat, and sometimes it could be forded only on horse back. On various occasions ice in the creek rendered the ford unsafe. This method of crossing the creek was especially objectionable on account of defendant's children going to and from school. In 1914, to obviate the difficulties above mentioned, and that the private road might be the better fitted for the purpose for which it was granted, defendant built therein a bridge across the creek of the width of ten and one-half feet. This was done by the construction of a stone abutment on each side and two stone piers in the bed of the creek, on which a wooden bridge was placed. The cost of this improvement was $134. Prior to the building of the bridge, to wit, in 1906, Martin P. Hammond had deeded the balance of the farm to his son Martin F. Hammond, the plaintiff herein, who since that time has been in possession of the same, his farm buildings being on the other side of the public road nearly opposite the end of this bridge. The center of the creek is the boundary line between plaintiff and defendant. Plaintiff had full knowledge of the building of the bridge, made no objection thereto, and in fact on one or two occasions assisted in the work. There was no negligence shown in the manner in which the bridge was constructed, but in August

21, 1915, a flood greater than ever known before came down this valley, carried away the bridge at the public road crossing just above and also the wooden part of defendant's bridge, which was landed on plaintiff's land, and which the latter permitted to be placed back in position without objection. This flood overflowed the public road and extended to plaintiff's dwelling house and to some extent into his cellar; the amount of damage done thereby, however, is not shown. It is a fair conclusion that defendant's bridge at that time obstructed the flow of water to some extent and increased the amount that reached plaintiff's premises, but such effect would not result from an ordinary flood. The learned trial judge charged the jury that defendant might lawfully build the bridge if reasonably necessary to afford himself and family a safe passage over the right of way in question, provided the bridge was so constructed as to cause plaintiff no appreciable damage under ordinary circumstances. The jury found for the defendant, which was in accordance with the evidence, and we discover no reversible error in the record.

The manifest intent of the grant was to afford the occupants of the farm conveyed to defendant a safe and convenient passage to the public road at all times, in wet weather as well as dry weather. We cannot impute to the grantor the intent of affording access to and from the farm in question only in times of low water. He might have limited the grant to the ford only but he did not. The words of a grant are to receive a reasonable construction in accord with the intention of the parties: Mercantile Library Company of Philadelphia v. Fidelity Trust Co., 235 Pa. 5. The fact that the defendant did not proceed immediately to build the bridge does not prove that the parties construed the grant as precluding him from that right; and the fact that there was then no bridge at that point is not controlling; neither is the fact that for twenty-one years thereafter defendant and his family managed to exist there without a bridge. As defendant

had possession of the private road during all that time, he lost no right by failing to improve it. A grant is to be construed in favor of the grantee and includes whatever is reasonably necessary to an enjoyment of the thing granted. "The grantee of a defined way has the right to do whatsoever is necessary to make it passable or usable for the purposes named in the grant": Senhouse v. Christian et al., 1 Term Rep. 560, 570. See also Nichols v. Peck, 40 L. R. A. 81, and White v. Eagle & Phœnix Hotel Co., 68 N. H. 38, 34 Atl. Repr. 672. The grantee of the free and uninterrupted use of a private road may improve it in such manner as to make it fit for the purpose expressed in the grant, and in so doing may construct a bridge over a ravine or creek if it be done in such way as to cause the least practicable damage to the owner of the servient tenement; however, ample room must be left for the natural flow of the water, even in time of flood, except it be so great as to be beyond ordinary human experience, when it is regarded as an act of God for which man cannot be held responsible. The flood in August, 1915, seems to have been of that nature. As the bridge in question had been built and rebuilt with the full knowledge and acquiescence of the plaintiff, we are not prepared to hold that the court below erred in saying that the burden was on him to show that defendant had a safe and convenient way to travel before the bridge was built; in any event that matter is not embraced in the statement of the questions involved. Considering all the evidence admitted, as to the trouble about the wood lot, it did plaintiff no possible harm and affords no ground for disturbing the judgment. It does not seem necessary to refer in detail to all of the assignments of error, for in our opinion the entire evidence would not sustain a verdict for plaintiff, even for nominal damages.

The assignments of error are overruled and the judgment is affirmed.