Ozehoski et al., Appellants, *v.* Scranton Spring Brook Water Service Company.

Argued March 6, 1945. Before Baldrige, P. J., Rhodes, Hirt, Reno, Dithrich and Ross, JJ.

*T. G. Wadzinski,* with him *Neville B. Shea,* for appellants.

*Frank P. Slattery,* with him *John C. Phillips,* for appellee.

Opinion by Hirt, J., July 19, 1945:

In this action in ejectment, defendant disclaimed title to plaintiffs' land but asserted an easement of a way, with the right to maintain pipe lines under it, described by plaintiffs in their praecipe and declaration as "a strip of land twelve (12) inches in width, four feet beneath the top of the soil, and seventy-three (73) feet in length running through lot No. 2315 of plot of lots known as the Honey Pot plot, as laid out by the Susquehanna Collieries Company ......" The case was tried by a judge without a jury. Judgment was entered for defendant for the easement in question.

In 1889 Nanticoke Water Company (the predecessor of defendant) laid a 4 inch pipe line under lands of Susquehanna Coal Company in a trench twelve inches wide and four feet deep, to serve the city of Nanticoke with water. Susquehanna Coal Company on September 15, 1917, conveyed several tracts, including the land in question, to Susquehanna Collieries Company. (We will refer to the three companies as the Water Company, the

Coal Company and the Collieries Company.) The deed of conveyance, duly recorded, contains this recital, among others not in issue here, following a description of the land: "This conveyance is made subject also to the following easements, rights of ways, etc., viz: 7. All rights of way for pipe lines, telegraph, telephone, electric light and power lines through, over and across the premises hereby conveyed, which are or may be adverse to the title hereby conveyed." The four inch water pipe was in continuous use until 1929. In that year an additional eight inch water pipe was laid about four feet below the surface, but wholly within the twelve inch strip in question, now a part of plaintiffs' land. The water service was then transferred to the larger pipe, though the abandoned four inch pipe remained in place beside it. The Collieries Company subsequently subdivided a part of the land, and on October 17, 1930, conveyed lot No. 2315, to Frank and Julia Everett. They in turn conveyed the lot to plaintiffs in 1931. Neither of the deeds, to the Everetts nor to plaintiffs, refer to the recital of an easement contained in the prior deed from the Coal Company to the Collieries Company.

Appellants' argument assumes that the recital in the deed to the Collieries Company was, in law, a reservation. It was not. It did not create the easement but, on the contrary, referred to existing rights in the Water Company which had been enjoyed for many years. The fact, therefore, that the Water Company was not a party to that deed cannot be asserted against the existence of the easement. Cf. *Lauderbach-Zerby Co. v. Lewis*, 283 Pa. 250, 129 A. 83; *Pribek et al. v. McGahan et ux.*, 314 Pa. 529, 172 A. 709. The circumstances under which the Water Company laid the original pipe line in 1889 do not appear. The Coal Company then owned the Water Company and because of their mutual interests may have permitted it, in the first instance, to lay its lines across the lands of the Coal Company

without formal agreement. The easement at its inception may have been but a quasi-servitude imposed by the Coal Company on its own land for its indirect benefit as owner of the Water Company. The circumstances under which the first pipe line was laid, however, are not of controlling importance for they imply, between the only parties concerned, a then or subsequent grant of the easement, or an agreement, the equivalent of a grant *(Horn v. Miller,* 136 Pa. 640, 20 A. 706) by the Coal Company to the Water Company. The recital asserts an easement in favor of the Water Company, in recognition of a prior grant or agreement. This was conceded by the Collieries Company by accepting the deed from the Coal Company and acquiescing in the burden of the easement thereafter.

.It is unimportant that the deed to appellants, and to their immediate predecessors in title, did not refer to the easement. An easement created by a grant, or its equivalent, is in nature and substance a covenant running with the land. *Horn v. Miller,* supra; *Rubel Bros. v. Dumont Coal & Ice Co.,* 182 N.Y.S. 204; *Goldberg v. Nicola,* 319 Pa. 183, 178 A. 809. The language of the recital in the deed, "This conveyance is made *subject* also *to* the following easements ...... all rights of way for pipe lines ......", is apt in giving notice of a covenant of easement. *Subject to* qualified the estate conveyed and charges the land with the burden of the easement; *subject to* means *to become servient to. Auburn & S. Electric R. Co. v. Hoadley,* 195 N.Y.S. 517. A purchaser of land subject to a restriction or servitude which appears in the line of title, takes subject to it though he has no actual knowledge of its existence. *Gibson v. Porter* (Ky.) 15 S. W. 871; *Peck v. Conway,* 119 Mass. 546. A grantee in a deed must search for conveyance by every prior holder of the title. The record is constructive notice of an easement to a subsequent purchaser. *Finley v. Glenn,* 303 Pa. 131, 154 A. 299. And in creating an easement it is not necessary to

designate with definiteness the part of the land to which the right attaches. 1 Thompson on Real Property, Permanent Ed. §359. Constructive notice of the easement, in this case, put plaintiffs on inquiry, before purchase of the lot, and such inquiry would have informed them as to the location of the pipe line. They are in no position now to question the existence of the easement and their lot must submit to its burden under the covenant running with the land.

We are of the opinion also that defendant clearly had the right to enlarge the actual burden by laying the additional eight inch pipe. The conveyance to plaintiff's predecessor, the Collieries Company, was not made subject merely to the existing four inch line but to "all rights of way for pipe lines." This language contemplates more than one pipe line. The right of way in this case, conceded by appellants in their praecipe and declaration, was a strip of land twelve inches wide, four feet deep, and so long as defendant confined the servitude within those limits it was within its rights in laying the additional line. The owner of a dominant estate may enter on a servient tenement and do any act necessary for the proper use of the easement but only in such manner as not to needlessly increase the burden on the servient tenement. In general, an owner may make changes not affecting the *character* of the servient estate so long as the use of the easement is confined strictly to the purposes for which it was created. 2 Thompson on Real Property, Permanent Ed. §§676, 681. The purpose in this case was to provide the City of Nanticoke with an adequate water supply. The grant of an easement is to be construed in favor of the grantee and includes whatever is reasonably necessary to its enjoyment. Thus, in *Hammond v. Hammond*, 258 Pa. 51, 101 A. 855, the owner of a right of way over the land of another was permitted to build a bridge across a stream, although the crossing, when the easement was created, was only by means of a ford. In

*Strycker v. Richardson,* 77 Pa. Superior Ct. 252, a right of way for "teams and wagons" was held to include a right of way for automobiles. Cf. *Horn v. Miller,* supra, *Bright v. Allan,* 203 Pa. 394, 53 A. 251.

We may assume that an eight inch water main was reasonably necessary in this case to serve water users in the City of Nanticoke and others, including appellants. It was laid entirely within the right of way to which appellants' land was subject, and they, therefore, cannot complain of an increased burden.

Judgment affirmed.