Taylor et al., Appellants, *v.* Heffner et al.

Argued March 24, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Samuel Goldstein,* with him *R. R. Whitmer, Vincent M. Casey* and *Margiotti & Casey,* for appellants.

*J. K. Myers,* with him *M. H. Davis* and *A. A. Geary,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, April 22, 1948:

Appellants filed their bill in equity to enjoin appellees, preliminarily until a hearing and permanently thereafter, from maintaining locked steel gates across a road, thereby interfering with the free and uninterrupted use of an asserted right of way granted over appellees' land. The preliminary injunction was granted and thereafter an answer was filed asserting that (1) the grant of a right of way to appellants' predecessor in title did not describe or in any way determine the location of the right of way, and (2) assuming the location to have been sufficiently described, appellants' user imposed a burden upon the servient estate greatly in excess of that contemplated by the parties to the grant. This appeal is from a decree holding that the asserted right of way had never been clearly defined and dismissing the bill.

Raymond Taylor, William J. Taylor, Arthur P. Taylor and Stanley Taylor, trading and doing business as Taylor Brothers, a partnership, appellants, are engaged in the business of mining, stripping and selling bituminous coal. On August 7, 1946, they purchased from A. J. Dean and V. B. Dean two acres of land in the Borough of Hawthorn, Clarion County. The deed of conveyance contained the following grant: "Together with the right of ingress, egress and regress to and from said premises hereby conveyed, from the said lands under the railroad track of the Pine Run Coal Company or Cobaugh Colliery Company Railroad over lands formerly owned by the Hawthorn Pottery Company, lying between the Pennsylvania Railroad Track and Redbank Creek, to the public road, sometimes called Center Street, leading southward across the Pennsylvania Railroad Company to the County Bridge over Redbank Creek in Armstrong County.

"Excepting and reserving to V. B. Dean, his heirs and assigns, a right of way over and across the above described tract of land, which right of way connects with the right of ingress, egress and regress afore-mentioned." The deed from Hawthorn Pottery Company to the Deans, on February 22, 1928, contained the following grant: "Together with the right of ingress, egress and regress to and from said premises hereby conveyed, from the said lands under said railroad tracks of the Pine Run Coal Company or Cobaugh Colliery Company railroad over lands of grantors, lying between Pennsylvania Railroad tracks and Red Bank Creek, to the public road, sometimes called Center Street, leading southward across Pennsylvania Railroad to the County Bridge over Red Bank Creek, in Armstrong County."

S. M. Heffner, H. J. Heffner, Sue A. Heffner and Robert Heffner, trading and doing business as Heffner Brothers, a partnership, appellees, are dealers in petroleum products. On June 11, 1935, they purchased approximately two acres of land adjacent to that of appellants from F. M. Ransbottom, trustee with power and authority to sell and convey lands of Hawthorn Pottery Company. This deed of conveyance contained the following reservation:

"Excepting and reserving therefrom, a right of way for a driveway forty (40) feet wide, *as now used* from Center Street, Northeastward across said lands to and through-under the trestle of the Cobaugh Colliery Company branch railroad, for use in reaching lands at and East of said branch of railroad right of way." (Italics supplied)

S. M. Heffner, one of the appellees, on March 24, 1925, secured a lease from American Clay Products Company for a portion of the land subsequently conveyed to them on June 11, 1935. This lease contained the following clause: "Lessee shall have the right to a concurrent use with Lessor of the Railroad siding upon Lessor's lands at this point, but the same shall be used so as not to inter-

fere with Lessor's use thereof in any manner whatsoever while loading or unloading cars, and Lessee shall also have the right of way for laying, constructing and maintaining pipe lines from a point on west end of siding to unload gasoline to the Storage tank and from said Storage tank, across lands of Lessor and to its boundary line at Center Street, provided, always, that the Lessee shall construct said Storage plant and lines in a safe and proper manner and keep the same in good condition and repair."

The two tracts of land are separated by a branch line railroad right of way of the Cobaugh Colliery Company, also known as Pine Run Coal Company. The railroad right of way runs north and south. To the north of the tracts of land is the Pennsylvania Railroad right of way and to the south is the Red Bank Creek. Appellees' land is west of the branch line railroad and bounded on the west by a public road known as Center Street.

Appellees have constructed gasoline and oil storage tanks on their land. The only improved road on appellees' land was constructed by them and leads to their storage tanks and is used to accommodate their tank trucks which are loaded on a platform which is part of the road and is immediately south of the storage tanks. Appellants have been using the road as a means of ingress and egress to and from their land for hauling coal by truck to their tipple and dock.

After the Deans purchased the property in 1928 they engaged in manufacturing cement blocks, and handled feed, lumber, sand, gravel and cement. This business was active until 1932. During 1928 to 1932 business invitees of the Deans used the Heffner property as a means of ingress and egress. During this period use of the road was principally by horse and wagon, with an occasional automobile. Thereafter the property was used less frequently and for the purpose of securing feed and caring for livestock. On or about July 10, 1946, one of appellees informed appellants that the road could not be used for

the hauling of coal. Thereafter, on August 5, construction of a fence was begun and gates 18 feet wide were placed at either end of the road. The gates were locked and a key thereto was left at the residence of V. B. Dean. On August 13, 1946, appellants filed the present bill in equity and secured a preliminary injunction restraining appellees from interfering with appellants' use of the right of way. The preliminary injunction was continued pending final hearing on October 28, 1946. This appeal is from the decree of the court *en banc* dismissing appellants' exceptions to the decree of the chancellor dismissing the bill and dissolving the preliminary injunction.

Appellees deny appellants' right to the user of the road in question for the reasons (1) the various deeds reciting the existence of the right of way do not refer to any defined road; (2) the use of the road for the hauling of coal to appellants' tipple constitutes an unreasonable burden upon the servient estate; and (3) the erection of a fence about the servient estate with gates in the line of the road does not, in view of the use to which the servient estate has been put, unreasonably interfere with appellants' right of passage. Appellants contend that (1) the reservation in the 1935 deed to appellees of "a right of way for a driveway forty feet (40) wide, as now used from Center Street, Northeastward across said lands to and through-under the trestle of the Cobaugh Colliery Company branch railroad, for use in reaching lands at and East of said branch railroad right of way" sufficiently locates the easement; (2) the land having been used for commercial purposes at the time of the grant, the present user does not unreasonably burden the servient estate; and (3) the locking of the gates across the right of way constituted an unreasonable interference with appellants' right of user.

"Where a right of way is expressly granted and its precise location and limits are not fixed or defined by the deed, it is competent for the parties to define the

location and determine the limits of the right of way by subsequent agreement, use and acquiescence: Kraut's Appeal, 71 Pa. 64": *The March-Brownback Store Co. v. Evans,* 9 Pa. Superior Ct. 597, 603. In *Werry v. Sheldon,* 148 Pa. Superior Ct. 13, 24 A. 2d 631, there was no evidence of the location of the right of way and the matter was remanded to the court below to hear testimony and determine the same. The Court, quoting from 17 Am. Jur., Easements, section 86, said (p. 17) : " '. . . if an easement is granted in general terms which do not fix its location, the owner of the servient estate has the right, in the first instance, to designate the location of such easement. This right, however, must be exercised in a reasonable manner with due regard to the rights of the owner of the easement . . . if the owner of the servient estate does not designate the location, the person entitled to an easement may select a suitable route, taking into consideration the interest and convenience of the owner of the land over which the easement passes.' " The deed from Ransbottom, trustee of the Hawthorn Pottery Company, the common owner of both tracts, to appellees in 1935, designating a driveway forty feet in width for the use of land presently owned by appellants, constituted a recognition of the location of the right of way. See *Ozehoski v. Scranton Water Co.,* 157 Pa. Superior Ct. 437, 43 A. 2d 601. The words *"as now used"* refer to the location of the easement and not to the manner of use. In *Crosier v. Shack,* 213 Mass. 253, 100 N. E. 607, it was held that the words "as now used" related to the location of a right of way and not to the type of vehicle used over the right of way. In these circumstances the court below erred in holding that the right of way was not clearly defined and that there was no information as to its location on appellees' land. It is also immaterial that at no time was it described in any grant as being an open road.

The contention that the present user unreasonably burdens the servient estate cannot be sustained. "A grant is to be construed in favor of the grantee and includes

whatever is reasonably necessary to an enjoyment of the thing granted": *Hammond v. Hammond,* 258 Pa. 51, 56, 101 A. 855. An easement cannot be used for a purpose different from that for which it was created: *Allen v. Scheib,* 257 Pa. 6, 10, 101 A. 102. Here, however, the purpose remains the same, namely, commercial. The hauling of material for business purposes to and from the dominant estate remains the use to which the servient estate is subjected. It cannot be said that because motor vehicles were rarely used at the creation of the right of way that it was within the contemplation of the parties not to permit the dominant estate to use improved means of travel. Where, as here, the grant of the easement is unrestricted, the grantee is given such rights as are necessary for the reasonable and proper enjoyment of the thing granted: *Hammond v. Hammond,* supra; *Bowers v. Myers,* 237 Pa. 533, 539, 85 A. 860. See 17 Am. Jur., Easements, Section 96; Tiffany, Real Property, Third Edition, Section 803. There has not been such a radical change that it can be said as a matter of law that there exists an excessive user of the servient tenement. Cf. *Witman v. Stichter,* 299 Pa. 484, 149 A. 725.

Equally untenable is appellees' contention that prior rights to lay and maintain pipe lines to their storage tanks, given to them by the lease of 1925 from American Clay Products Company, is unreasonably interfered with by the present user of the dominant estate. The owner of the dominant estate may not exercise rights granted to it without regard to the rights of the servient owner. The user must be restricted to reasonable use under the circumstances: *Babcock Lumber Company v. Faust,* 156 Pa. Superior Ct. 19, 31; *Heffley v. Lohr,* 149 Pa. Superior Ct. 586, 592, 27 A. 2d 275. This record does not establish that appellants' user is unreasonable or unreasonably interferes with appellees' right to conduct their business on the servient estate.

Appellees' right to use the premises must be exercised in a manner consistent with the existing easement. They may use it as they choose but may not interfere with the proper and reasonable use by appellants of their dominant right: *Hartman v. Fick,* 167 Pa. 18, 31 A. 342; *Ziegler v. Hoffman,* 78 Pa. Superior Ct. 115, 119. The erection of the fence and gates by appellees cannot be restrained. That right cannot, however, be exercised as here where it is sought to completely deny the right of the user. In the circumstances of this case, we hold that the erection of the gates which are kept locked or closed during the time when appellants are using the road, does constitute an unreasonable interference with the easement. Appellees' contention that a key was given to appellants' predecessors in title we deem immaterial in view of the complete denial of any rights in appellants as regards the use of the road in question.

The decree of the court below is reversed and the record remanded for further proceedings and the entry of an order consistent with this opinion. Costs to be paid by appellees.