## Snyder et al. v. Bryson et al.

*F. Kenneth Moore,* for plaintiffs.
*Charles Blasband,* for defendants.

FORREST, J., March 23, 1950.—By petition for a declaratory judgment, plaintiffs, alleging an easement by implication, seek to have the court, in a trial without a jury, determine the extent of their rights to use a cesspool and privy on the property of defendants.

From the admissions in the pleadings and from the evidence are made the following

### Findings of Fact

1. In January 1947 Raymond Gravinese became the owner of a piece of land on which were erected two dwellings, on Summit Avenue, Whitemarsh Township, Montgomery County, Pa.

2. In May 1947 Gravinese and his family moved into one of the houses. This house is now owned and occupied by plaintiffs, Harold and Florence E. Snyder.

3. In back of the other dwelling, a dwelling which he later sold to defendants, Eugene C. and Carrie B. Bryson, Gravinese dug a cesspool. The waste water from the kitchen in the house in which he lived drained into the cesspool through underground pipes.

4. When defendants purchased their property, they knew that plaintiffs' kitchen drain was connected to the cesspool.

5. In August 1947 defendants, Eugene C. and Carrie B. Bryson, moved into the house they now own. At that time they did not receive a deed but occupied it under a lease-sales agreement.

6. Gravinese and his family continued to use the cesspool as an outlet for his kitchen drain until March 1948, when they moved from the premises.

7. On April 1, 1948, plaintiffs, Harold and Florence E. Snyder, moved into these premises, having purchased them from the Gravineses by a deed dated March 30, 1948.

8. Defendants terminated their tenancy and became the owners of their premises by a deed dated April 19, 1949.

9. Neither the deed to plaintiffs nor the one to defendants specifically mentions the cesspool or any rights therein.

10. There were no physical indications of the boundary lines between the properties of defendants and plaintiffs. No survey was made before the delivery of the deeds, and the description of the property was by reference to a recorded plan of lots.

11. A portion of the aforementioned cesspool is in an alley running through the rear of these premises, established for the use of both these premises and others abutting thereon.

The questions involved are treated in the following

### Discussion

Although much of the testimony was concerned with the privy which had been erected over the cesspool, plaintiffs do not press that phase. The greater portion of the privy, which has been torn down by defendants, was located in an alley with the possible resulting effect on rights of others. Whatever the rights between these parties, the court should not declare an easement to exist which might interfere with a private way of third persons.

It is plaintiffs' contention that they possess an easement by implication as to the use of this cesspool. On the other hand, defendants maintain that Gravinese, the common owner, made use of the cesspool only as a licensee after defendants entered into possession of their premises.

An easement by implication arises as a result of what the law deems to have been the intent of the parties to a deed. The usual manner of proving this intent is by showing the use of the property before the sale.

". . . One cannot have an easement in his own land but 'it is a well-settled rule that where, during the

unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary for the fair enjoyment of the other part of the estate, then upon a severance of the ownership, a grant of the right to continue such use arises by implication of law': 17 Am. Jur., Easements §33, Manbeck v. Jones, 190 Pa. 171, 42 A. 536; Nauman v. Treen Box Co., 280 Pa. 97, 124 A. 349": Heffley v. Lohr, 149 Pa. Superior Ct. 586, 590 (1942).

" 'Three things are regarded as essential to create an easement by implication on the severance of the unity of ownership in an estate: first, a separation of the title; second, that, before the separation takes place, the use, which gives rise to the easement, shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; and, third, that the easement shall be necessary to the beneficial enjoyment of the land granted or retained' ": Becker v. Rittenhouse, 297 Pa. 317, 325 (1929), quoting from 9 R. C. L. 757.

Plaintiffs have established their right of easement to the use of the cesspool and the ground through which the pipes pass for the drainage of kitchen waste water. All of the requirements listed above are satisfied. The first, that of separation of the title, was accomplished when Gravinese conveyed to plaintiffs, the dominant tenement in March 1948. Whether there was an understanding between Gravinese and defendants prior to that time regarding each taking care of his own waste water is of no moment. No case has been found holding that a private arrangement between the owner and a third person would be fatal to an easement by implication. The second, "that the use must be of permanent character", is indicated by

the continunity of the use and its notoriousness. The following facts bear this out: (a) The pipes were buried, indicating permanency, (b) its use, many times daily, must be of necessity and (c) defendants knew of the use. The third, that "the use must be reasonably necessary for the enjoyment of the dominant tenement", is shown by the fact that Gravinese had no other drain for his kitchen water.

The rights which plaintiffs acquire are limited, however, by the nature of the use of the cesspool as an outlet for the kitchen drain. That is, plaintiffs may not use the cesspool as an outlet for every kind of household waste water. An easement by implication is not to be extended or enlarged. It is confined to its extent at the time of its creation. If plaintiffs equip an inside bathroom and connect it to this cesspool, it could not be seriously contended that there would not be an increase on the servient tenement, both as to quantity and kind of waste that would be received in the cesspool. An easement cannot be used for a purpose different from that for which it was created: Allen v. Scheib et al., 257 Pa. 6, 10 (1917). In general, an owner may not make changes which affect the character of the servient estate but must confine his easements to the purposes for which it was created: Ozehoski et al. v. Scranton Spring Brook Water Service Co., 157 Pa. Superior Ct. 437, 441 (1945). See also Yaronski v. Enski, 18 Del. Co. 363 (1927). The evidence is not clear as to what portion of this cesspool is under the alley. This is not a matter of great importance since it is below the surface and should not offer any obstruction to the use of this right of way.

### Conclusions of Law

1. This court has jurisdiction to declare the rights and privileges created by an easement by implication.

2. The land of plaintiffs is the dominant tenement and the land of defendants is a servient tenement in respect to an implied easement for the use of the cesspool in the latter and the land through which the pipes are laid for an outlet for kitchen waste water.

3. The record costs of this case should be divided between plaintiffs and defendants.

And now, March 23, 1950, in view of the foregoing findings of fact, discussion and conclusions of law, it is ordered, adjudged and decreed that the prothonotary enter the following

## Declaration Nisi

1. The property of plaintiffs, Harold and Florence E. Snyder, on Summit Avenue, Whitemarsh Township, Montgomery County, Pa., and more fully described in a deed recorded in Montgomery County deed book 1906, page 440, is the dominant tenement of an easement to drain kitchen waste water into a cesspool and through drain pipes located in the lot of defendants, Eugene C. and Carrie B. Bryson, Summit Avenue, Whitemarsh Township, Montgomery County, Pa., and more fully described in deed recorded in Montgomery County deed book 1991, page 51, which is the servient tenement.

2. A copy of this declaration shall be recorded in the office of the recorder of deeds so that the world may have notice thereof.

3. The parties shall divide the costs.

4. The prothonotary is further ordered and directed to give counsel in the case notice as required by section 6 of the Act of May 22, 1935, P. L. 228, 12 PS §852, and the rules of equity practice, that unless exceptions are filed within 10 days after giving of such notice, the declaration nisi will become the final declaration as of course.