**UNITED STATES of America,
Plaintiff,**

v.

**FELIX O'NEILL, Inc., Tyrone Investment and Loan Co., Inc., Felix O'Neill and Frances O'Neill, Defendants.**

**Civ. A. No. 20052.**

United States District Court
E. D. Pennsylvania.

Sept. 20, 1956.

W. Wilson White, U. S. Atty., Eugene J. Bradley, Asst. U. S. Atty., for plaintiff.

O'Donnell & O'Donnell, Phoenixville, Pa., for defendants.

CLARY, District Judge.

This litigation involves a dispute as to the proper location of a right of way acquired by the plaintiff, United States of America, from the defendants' predecessor in title as a result of the condemnation in 1942 of a portion of the grantor's farm (Civil Action No. 2658). By virtue of this condemnation the plaintiff obtained title to a landlocked parcel of realty for the purpose of constructing a reservoir to be used in conjunction with the Valley Forge Army Hospital. Included therewith was the right of egress and ingress to said land across other property retained by the grantor. However, the location of this right of way from the nearest public road (Kimberton Road) to the reservoir property was not set forth in the Declaration of Taking. There existed, however, at the time of the taking a road on the grantor's land which was used for egress and ingress to the grantor's farmhouse. This access way ran from Kimberton Road over the grantor's land in the general direction of the reservoir property, but covered only a portion of the entire distance to the plaintiff's property. Immediately after the taking in 1942 the plaintiff started construction of the reservoir. As an incident to the construction an access way to the property was created by utilizing the existing roadway as far as it extended and then constructing a new roadbed for the remaining distance. From that time until April, 1955, when the defendants erected a barricade across the access road, the plaintiff used said extended roadway as a right of way with the complete knowledge and acquiescence of both the defendants and their predecessor in title. When the defendants asserted the right to barricade the road and prevent its use by hospital maintenance personnel the Government commenced this action and sought a restraining order enjoining the defendants from interfering with its reasonable use of the roadway. In addition, the plaintiff sought a declaratory judgment indicating his right of egress and ingress over the land in question. By agreement, at preliminary hearing, the status quo was restored pending final decision on the merits.

In the same proceeding in which the reservoir property was obtained the plaintiff also acquired a perpetual easement for the location and maintenance of a pipe line across the grantor's land for use in conjunction with the reservoir. This piping forms a direct line from the reservoir property to the public way. It is the defendants' position that the right of way granted was intended to be on this narrow ten foot wide strip of land. For more than half the distance to the public road this water line runs parallel to the road constructed by the plaintiff leading to the reservoir. The point of departure occurs when the pipe line intersects with the property, which is the subject of this litigation, namely the road which was already in existence prior to the condemnation proceeding. At that junction the plaintiff improved the existing farm road and used it as his right of way rather than following the pipe line, the course of which ran through gullies, swales, marshes and swamps (R. 8, 20, 54) leading to the public road.

There is little or no dispute over most of the pertinent facts involved in the case. That a right of way was granted is undisputed. The legal question involves a determination of the intent of the parties when defendants' predecessor in title conveyed the right of way in question in general terms without setting forth its location. This intent can be best ascertained by examining all the documents and circumstances surrounding the transfer of title. Where there is no express agreement with respect to

the location of a right of way which has been granted but not located, the practicable location and user of a reasonable way by the grantee, acquiesced in by the owner of the servient estate, sufficiently locates the way. Tosh v. Witts, 1955, 381 Pa. 255, 113 A.2d 226; Taylor v. Heffner, 1948, 359 Pa. 157, 58 A.2d 450; Pennsylvania Water & Power Co. v. Reigart, 1937, 127 Pa.Super. 600, 193 A. 311. The acquiesced in location will be deemed to be that which was intended by the grant. Taylor v. Heffner, supra.

■ In the case at bar the roadway in question was used as a means of egress and ingress from the very outset by the plaintiff. The evidence also establishes that the plaintiff used and maintained the road in question as access to the reservoir property for a period of at least five years while the ownership of the servient estate was in the hands of the defendants. There was no other road leading to the reservoir, the surface of the servient land being otherwise unsuitable for access. If the right of way were to parallel the pipe line at all times it would require the construction of an expensive and difficult roadbed through the marshy terrain. All of these facts were well known to all parties concerned. The Declaration of Taking makes this clear. In the description of the pipe line easement there is granted the right to construct the line under and *over* the land. In fact, because of the character of the terrain, the line is exposed at several points. Had the parties intended this area to be the right of way there would have been no reason for granting the right to lay the pipe *over* the land since it is quite evident that such would be the only feasible method of road construction. Further, the Declaration of Taking, in describing the estates taken in no way associates the right of way with the water line easement. To the contrary, the right of way is included in the description of the reservoir property. Had the parties intended the right of way to parallel the pipe line at all points the logical place to indicate the presence of the way would have been with the description of the pipe line easement. Further, the Preliminary Certificate of Title described by metes and bounds the existence of the roadway in question as part of the land being examined for conveyance. Since the grantor's attorney had examined this certificate prior to the grant it further indicates that the defendants were on notice that the government intended to utilize the farm road as the location of the right of way.

Considering the almost daily use of the farm road by the plaintiff with the complete knowledge and acquiescence of both the grantor and the defendants, the continual maintenance and repair of the road by the plaintiff, and all the other factors considered in their setting at the time of the grant, it becomes apparent that the parties intended to, and did, locate the right of way over the existing farm road. Thus, the United States of America has a right of egress and ingress from the public road (Kimberton Road) to the reservoir property over the existing access road to the same extent as if the location of such road had been specifically set forth in the condemnation proceeding known as Civil Action No. 2658. Further, the plaintiff will be granted a decree permanently enjoining the defendants from interfering with the plaintiff's reasonable use of the existing access road from Kimberton Road to the reservoir property (Parcel I) as acquired in Civil Action No. 2658.

Both plaintiff and defendants have submitted proposed findings of fact and conclusions of law. The Court affirms Plaintiff's Requests for Findings of Fact Nos. 1 to 12, inclusive. The Court also affirms Defendants' Requests for Findings of Fact Nos. 1 to 15, inclusive, and denies, as stated, Requests Nos. 16 and 17.

The Court affirms Plaintiff's Requests for Conclusions of Law Nos. 1 to 6, inclusive. The Court also affirms Defendants' Requests for Conclusions of Law Nos. 1, 3 and 5, and denies, as stated, Requests Nos. 2, 4, 6 and 7 to 14, inclusive.

The plaintiff will submit an appropriate order for judgment in its favor.