506 P.2d 1251 (1973)
Harold W. DAHL, Jr., and Ruby W. Dahl, Plaintiffs-Appellees,
v.
Ludwig RETTIG, Defendant-Appellant.
No. 71-442.
Colorado Court of Appeals, Div. I.
February 21, 1973.
*1252 Wood, Ris & Hames, Eugene S. Hames, Denver, for plaintiffs-appellees.
Creamer & Creamer, Nathan H. Creamer, George Louis Creamer, Quiat & Quiat, P.C., James C. Bull, Ethan A. Jacobson, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
In 1961, plaintiffs purchased from defendant a tract of land in Clear Creek County. In the deed, plaintiff was also granted a right-of-way easement across the property of the defendant, since it would otherwise be impossible for plaintiffs to reach a public road from the land being purchased. This dispute arose out of plaintiffs' efforts to make improvements on the right-of-way easement.
The following facts were developed at the trial of this matter. The roadway granted to plaintiffs was so constructed that it intersected Yankee Creek at two different points. On the date the easement was granted, it was necessary to ford the creek at one of these crossings and pass over a wooden bridge at the other. Over the years since the easement was granted, plaintiffs have experienced difficulty in maintaining the right-of-way at these two crossing points. The wooden bridge was subsequently damaged which resulted in plaintiff removing it and replacing it with a similar bridge. Eventually, during one period of heavy stream flow it washed out, and fording the stream at this point was extremely difficult, and during periods of high water, impossible. The other crossing was also difficult in times of high water. Because of the difficulty in fording the creek at this latter point, plaintiffs, with the consent of defendant, had, at one time, installed an earth-covered culvert at this crossing. It, too, was washed out by high water.
In order to assure consistent availability of the right-of-way, plaintiffs proposed to erect steel and concrete bridges over both stream crossings. Permission was refused by defendant. In 1970, plaintiffs filed their complaint in this action, which, among other things, requested an order finding that the two bridges were necessary and essential to the full use of the easement.
The case was tried to the court which held that the plaintiffs had the right to repair and maintain the road. It further held that bridges were necessary for the use of the easement. The court would not, however, allow plaintiffs to construct the bridges which they had proposed, apparently on the ground that such elaborate bridges would place an additional burden on the servient estate. Therefore, the court instructed plaintiffs to build bridges of construction similar to those erected by the defendant at other stream crossings on the defendant's property. Defendant appeals. We affirm.
The right-of-way granted to plaintiff in the initial purchase agreement was described as follows:
"There is hereby granted by the seller to the purchasers for the use in connection with the subject land only a right-of-way over the now-existing north-south road on the land retained by the seller . . . ."
Thereafter followed a metes and bounds description of the right-of-way which further referred to a certain map of the properties which showed the location of the roadway.
The principal dispute between the parties is over the interpretation of the phrase, "for use in connection with the subject land only a right-of-way over the now-existing north-south road on the land retained by the seller." It is the defendant's view that this wording means that the plaintiffs were only granted the right to use the roadway in the condition that it existed on the date of the grant. The argument *1253 is essentially that this wording was intended to do more than just set forth the location of the right-of-way. If that had been the intent, it would not have been necessary, defendant argues, to follow this wording with the metes and bounds description specifically locating the roadway in reference to the map. Because of this, defendant would have us hold that the language in the grant precludes any change in the nature of the roadway.
Plaintiffs argue that the disputed wording does no more than locate the position of the right-of-way on the land and that the metes and bounds description following was only added technical data to tie the location to an established map. It is further their view that had it been the intent of the parties to allow use of the easement only in a specified physical condition, then the agreement would have so stated.
It is not necessary for us to attempt to attach a definite meaning to the disputed terms of this grant. The parties, by their subsequent conduct, have evidenced an intent under the general language of the grant. Where the grant is general, exercise of the right, with the acquiescence and consent of both parties, in a particular matter, fixes the right. San Joaquin and Kings River Canal and Irrigation Co., Inc. v. Egenhoff, 61 Cal.App.2d 82, 141 P.2d 939. Here, defendant's acquiescence in the construction of the dirt-covered culvert and the repairs and replacement to the existing wooden bridge evidences the intent that plaintiffs be able to take reasonable steps to maximize the utility of the right-of-way.
The problem then becomes one of determining whether construction of the proposed bridges over Yankee Creek is reasonable, or whether, under the facts before us, it is an enlargement on the easement placing an unreasonable burden on the servient estate. We conclude that there is no increase of burden to the servient estate.
The replacement of the existing bridge is nothing more than a necessary repair of a nature which arises out of the use of any easement, and thus, is reasonable. Knudson v. Frost, 56 Colo. 530, 139 P. 533. We next consider the problem of constructing a bridge where one did not previously exist. If a right-of-way is so located that it crosses a stream, as in the case at hand, the holder of the right-of-way has a right to do such things as are reasonably necessary to maximize use of the right-of-way. Herzog v. Grosso, 41 Cal.2d 219, 259 P.2d 429. We conclude that this includes constructing a bridge which is reasonably designed to afford efficient use of the right-of-way and which is harmonious with similar structures within the vicinity. Ward v. City of Monrovia, 16 Cal.2d 815, 108 P.2d 425; Hammond v. Hammond, 258 Pa. 51, 101 A. 855. The trial court's order allowing the construction of the bridges, but confining them to construction comparable to that erected by the defendant over this stream at other points on his property, is consistent with this rule, and was not an enlargement of the easement. See Rusciolelli v. Smith, 195 Pa.Super. 562, 171 A.2d 802.
We have examined the other allegations of error and find them to be without merit.
Judgment affirmed.
COYTE and DWYER, JJ., concur.