Borstnar, Appellant, *v.* Allegheny County.

Argued September 30, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*William L. Jacob,* with him *Mayer Sniderman,* for appellant.

*Edward G. Bothwell,* with him *Robert G. Fiscus,* Assistant County Solicitors, and *Walter P. Smart,* County Solicitor, for appellee.

OPINION BY MR. JUSTICE DREW, December 5, 1938:

This is an appeal by plaintiff from a judgment entered on a verdict in his favor for damage to property by the widening, straightening and changing of grade of Evergreen Road, now known as Babcock Boulevard.

The Board of Commissioners of Allegheny County passed a resolution to take over and improve as a county road the existing township road, to be known as Babcock Boulevard, Millvale Section—Extension No. 3, in Shaler Township, and such improvement was approved by the grand jury and the Court of Quarter Sessions of Allegheny County. Work thereon was commenced in 1930 and completed a year or two thereafter. Plaintiff was and still is the owner of a tract of land west of both

the Babcock Boulevard and of a creek, known as Girty's Run, which properly has a frontage of approximately 208 feet facing toward, but not abutting on, the boulevard, running back an irregular depth of approximately 1,000 feet, and having thereon erected a modern brick dwelling, garage and other out-buildings.

At the trial plaintiff proved a chain of title into himself from Mathias Bowers and Christina Bowers, who owned as one tract the property of plaintiff here involved, together with that to the north thereof to a point where the Evergreen Road, now Babcock Boulevard, crossed over Girty's Run; and that some eighty or more years ago they subdivided it into four or five purparts and sold them, one to the predecessor in title of the plaintiff, without any express grant of a right of way of ingress and egress. After the entire tract was thus subdivided, there was no means whatsoever of ingress and egress to the property of plaintiff, nor to that of some of the other subdivisions, except by means of an unimproved road, over the land of the original grantors, which ran a distance of about 375 feet from a bridge at the point where the Evergreen Road (now Babcock Boulevard) crossed over Girty's Run, to a dead end against a high hill just to the south of plaintiff's property.

In the improvement of Babcock Boulevard it became necessary to divert the course of Girty's Run so that, for a short distance through the property of Nellie M. Dixon, the owners of the subdivision of the original tract immediately to the north of plaintiff's land, and upon which a part of the unimproved road was located, the road was eliminated and thus plaintiff's sole means of access was obliterated.

During the construction and following its completion, Nellie M. Dixon acquiesced in the use by plaintiff of a substitute way over their land to take the place of the portion of the unimproved road which had been taken for the new channel of Girty's Run, until the summer of 1936, when Nellie M. Dixon caused to be

erected a barricade at a point on their land where the substituted way deviated from the old unimproved road. Thereupon, plaintiff instituted his viewers' proceedings, and was awarded the sum of $5,111.00, from which award defendant appealed to the Court of Common Pleas. At the trial, the jury awarded plaintiff the sum of $3,500.00, for which amount judgment was entered, after argument before the court en banc. The plaintiff appeals because of inadequacy of the verdict, and complains of a ruling on evidence and the charge of the court.

In its charge, the lower court instructed the jury, as a matter of law, that if it found the unimproved road as it existed immediately prior to the improvement, leading from the property of plaintiff to the highway, was not a public road, but merely an easement of necessity, then plaintiff, after its destruction as a result of the diversion of the course of the creek's channel, still had a right to another way of necessity over the land of Nellie M. Dixon. This instruction is the subject of the fourth assignment of error.

The testimony introduced regarding the road indicated that it came into existence about the time the larger tract had been subdivided by Mathias and Christina Bowers, that it was the only means of ingress and egress possessed by subsequent owners, including plaintiff, to this particular property, that its location was reasonably certain, continuous and permanent in its nature, and that it was used not only by the owners of other subdivisions, but also by persons who attended a church formerly located thereon. It is a well-settled principle of law that, in the event property is conveyed and is so situated that access to it from the highway cannot be had except by passing over the remaining land of the grantor, then the grantee is entitled to a way of necessity over the lands of his grantor: *Commonwealth v. Burford*, 225 Pa. 93, 98. It cannot be doubted that there was ample evidence from which the jury could properly

find that the way in question was an easement of necessity. However, so far as this case is concerned, it makes no difference whether the road was an easement by necessity or a public road, since the testimony was clear and undenied that it was the sole means of access which plaintiff had and that it was totally cut off by the County improvement. It is certain that after its destruction plaintiff had no right to create another way over the remaining land of Nellie M. Dixon: Washburn's Easements & Servitudes, Fourth Edition, page 297. Therefore, to so charge was reversible error. Under such instruction, the jury, if it found the road was an easement of necessity, would naturally conclude that plaintiff's means of access had not been taken away, that under the charge another such way would have to be provided, and thus would, without question, take that fact into consideration in making up its verdict, to the great prejudice of plaintiff. The right of way was destroyed by the improvement, and no new way of necessity, by operation of law, was thereby created for plaintiff over the Dixon tract.

Since the case must be remitted to the court below for a new trial, we deem it best to now state that it was error for the court to permit the introduction into evidence of the deed from Nellie M. Dixon et al. to the County of Allegheny, executed in 1934, this being the subject of appellant's first and second assignments of error. That deed merely, so far as the issue here is concerned, provides that in case Nellie M. Dixon, by implication of law, was required to provide a new way of necessity, they could recover compensation for same from Allegheny County. That matter is obviously not involved in this case.

The conclusion reached makes unnecessary discussion of the other questions raised. The judgment is reversed and a venire facias de novo awarded.