Lester Holtzman, J.
In an action for a declaratory judgment and injunctive relief, the plaintiffs move for summary judgment.
The plaintiffs and the defendant are the owners of adjoining houses located in this county. Both houses, as well as the other houses on the same block, were constructed in 1938 by a common grantor from whom both the plaintiffs and the defendant derived title. At the time these houses were built and prior to the severance of title by the commqn grantor, an electric line supplying electrical service to the premises owned by the plaintiffs was placed through the ceiling of the garage now owned by the defendant, which terminated in a utility *1043 box located on a party wall now owned by the plaintiffs and the defendant. From this utility box, the electric wires ran to the plaintiffs’ premises. The electric line has been maintained as it was originally installed to the present time.
The plaintiffs are now desirous of increasing the electric service to 220 volts from the present 115 volts. In order to do this, it is necessary for the present three-quarter inch conduit to be replaced by a one and one-quarter inch conduit and to replace two No. 8 wires with three No. 3 BH wires. The defendant has refused to permit the plaintiffs to enter her premises and rewire the electrical service. The plaintiffs claim an implied easement and also an easement by prescription over the defendant’s property.
The elements of the New York rule on implied easements are these: “ 1. The estates presently resting in the hands of different owners must formerly have been in unitary ownership • 2. While so formerly held in one estate, a use must have been created by the owner either in which one part of the land was subordinated (made ‘ subservient ’) to another; or such a use made of the two parts as to create a reciprocal subordination ; 3. The use made must be plainly and physically apparent on reasonable inspection; 4. It must affect the value of the estate benefitted and must be necessary to the reasonable use of such estate.” (Jacobson v. Luzon Lbr. Co., 192 Misc. 183, 185,186, affd. 276 App. Div. 787, affd. 300 N. Y. 697.) As Judge Bergaít stated in the Jacobson case (supra, p. 18A-185): ‘ ‘ Perhaps the most simple, and at the same time complete, statement of this rule appears in the opening paragraph of the opinion of Browtt, J., in Paine v. Chandler (134 N. Y. 385, 387). It is this: ‘ that when the owner of land sells a part thereof he impliedly grants to the grantee all those apparent and visible easements which are necessary for the reasonable use of the property granted and which are at the time of the grant used by the owner of the entirety for the benefit of the part granted. ’ ”
In the instant case, the estates presently resting in the hands of the plaintiffs and the defendant were formerly in a unitary ownership. While so held in unitary ownership, a use was created by the then owner in which the land of the defendant was subordinated to that of the plaintiffs. The use was plainly and physically apparent on reasonable inspection by one conversant with the potential use of the property. (See 3 Powell, Real Property, par. 411, p. 428.)
The use affected the value of the land now owned by the plaintiffs and was necessary to the reasonable use of such land. Where, as here, title derives from a common grantor, it is not *1044 necessary that there be a strict or absolute necessity for the establishment of an easement by implication. (Jacobson v. Luzon Lbr. Co., supra; cf. Sabatino v. Vacarelli, 35 N. Y. S. 2d 635, affd. 264 App. Div. 742.)
The requisite necessity to the establishment of an implied easement must exist as of the date of severance and not at some later time. (Clark v. Finen, 138 N. Y. S. 2d 204, app. dsmd. 286 App. Div. 984.) It is immaterial that the plaintiffs could now make a direct connection to the electric lines of the local utility by ripping up their driveway and installing a new conduit directly from the lines of the utility. At the time of the purchase of this property by the plaintiffs’ predecessors in title from the common grantor, there is no question but that the extension of the electric conduit across the premises now owned by the defendant affected the value of the plaintiffs’ premises and was necessary to the reasonable use of such premises. The subsequent sale by the common grantor to the defendant could not destroy the easement which that grantor had already granted by implication to the plaintiffs’ land.
Since the increase in electrical requirements of the plaintiffs’ premises has arisen as the result of the normal evolution of such premises and since the increase in the burden upon defendant’s premises is relatively insignificant, the court is of the opinion that the plaintiffs have the right to enlarge the user in accordance with their present requirements. (Cf. Herman v. Roberts, 119 N. Y. 37, 42; McMillan v. Cronin, 75 N. Y. 474; Tong v. Feldman, 152 Md. 398.) Since there are no issues of fact, the plaintiffs are entitled to summary judgment for the relief demanded in the complaint.