## West Middlesex Area School District Condemnation

*Harvey E. Moore,* for condemnor.

*John J. Regule,* for condemnee.

ACKER, J., May 7, 1969. — The Borough of West Middlesex has filed a petition to strike off prelimi-

nary objections of the property owners claiming that they do not state specifically the grounds relied upon by the condemnees, do not question the right of the condemnor to appropriate the condemned land, do not challenge the taking and are not in accordance with the Eminent Domain Code of June 22, 1964, P. L. 84, art. IV, §406, 26 PS §1-406, which authorizes the same.

The preliminary objections themselves are filed pursuant to the above mentioned statute claiming the action of the condemnor as being capricious, arbitrary, and an abuse of power. The property owners support this by allegations that the land is not taken for construction for school facilities "per se," but rather to provide a second more costly and more dangerous and unnecessary access to a proposed parking lot for a proposed athletic field. However, it is contended that other land more direct and suitable for access was offered the condemnor free of charge by the Church of the Good Shepherd which is contiguous to the school, but that this offer was refused. Therefore, it is claimed that the taking will deprive the condemnees the means to provide for their necessities of life because the land involved is used for pasture and for pursuing crops, which will deny them the use and enjoyment of the balance of their land. And finally the condemnees claim that the proposed access road will create a serious safety problem to the public and students alike. Although the prayer as contained in the petition is that the declaration of taking be dismissed, the condemnees in their brief and at oral argument request a hearing upon these contested questions.

Considering first the "petition to strike off preliminary objection," it is provided by the Eminent Domain Code of June 22, 1964, supra, that preliminary objections filed within 30 days of the condemnation are to be the exclusive method of challenging, "(1)

The power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated." Further, that failure to raise these matters by preliminary objection constitutes a waiver. It is required that the objections shall be specifically stated and that they must all be raised at one time. The court is obligated to determine promptly all preliminary objections and make such orders or decrees as justice shall require. "If an issue of fact is raised, the court shall take evidence by depositions or otherwise."

The petition to strike on the basis that the preliminary objections do not specifically state the grounds relied upon is without merit as is the contention that the preliminary objections do not question the right of the condemnor to appropriate the condemned property. In the condemnee's preliminary objection he specifically contends that the action is capricious, arbitrary and an abuse of power in that the land to be taken is for a more dangerous and unnecessary access when another access route is provided free of charge. It is recognized that the contention of hardship or inconvenience as contained in paragraph 2 of the preliminary objection is not a legally recognizable reason for denying the right of condemnation, but rather a proper element of damage: Borstnar v. Allegheny County, 332 Pa. 156, 2 A. 2d 715 (1958).

It is clear that the preliminary objections now constitute the sole and exclusive method of challenging condemnation proceedings under the Eminent Domain Code, supra: Mahan v. Lower Merion Township, 418 Pa. 558, 212 A. 2d 217 (1965) ; Faranda Appeal, 420 Pa. 295, 216 A. 2d 769 (1966) ; McConnell Appeal, 428 Pa. 270, 236 A. 2d 796 (1968).[1]

[1] It is now clear that courts of equity have no jurisdiction to determine whether a condemnation is proper or to exercise any rights of eminent domain: Faranda Appeal, supra.

". . . a condemnation case involves two proceedings —the first to determine the propriety of the taking, the second to determine damages recoverable by the condemnee": Valley Forge Golf Club v. Upper Merion Township, 422 Pa. 227, 230, 221 A. 2d 292 (1966).

Considering the condemnee's petition in the nature of a demurrer to defendants' factual averments as contained in their preliminary objections, the issue then becomes whether in order to arrive at a determination it is necessary to receive testimony either in court or by deposition as permitted by the rule. This in turn is dependent upon whether the property owners have alleged sufficient facts to present a question for determination as to the school authorities' acts being capricious, arbitrary and an abuse of power. Narrowing the issue further, the property owners challenge the action of the school board in taking land for access to a proposed parking lot for a proposed athletic field which would be more costly, more dangerous and unnecessary where there is a more direct and suitable access which has been provided free of charge by a contiguous property owner.

It is recognized that once a condemnation is for public use and the condemnor has been properly delegated the power to condemn, the only area of judicial review of the actions of the condemnor is that of its administrative discretion. Generally, the amount or location of the land or type of estate condemned are not subject to judicial review unless such decisions are fraudulent, arbitrary or capricious: St. Peter's Roman Catholic Parish v. Urban Redevelopment Authority of Pittsburgh, 394 Pa. 194, 146 A. 2d 724 (1958), cert. denied 359 U. S. 435 (1959); Faranda Appeal, supra; Hanni Appeal 420 Pa. 289, 216 A. 2d 774 (1966).

It appears that there has never been a case of a condemnor's decision having been held fraudulent. Only

rarely has a condemnor's action been held arbitrary or capricious: Winger v. Aires, 371 Pa. 242 (1962), school district condemned more land then it needed for "erecting . . . an elementary school building"; Darlington and Wife v. The United States, 82 Pa. 382 (1876), condemnation of four sites for ultimate use of only one held unlawful; the American Oil Company v. School District of Philadelphia, 2 D. & C. 2d 525 (1954), school board desired to take site A to exchange for site B. Taking of land for such an exchange was held unlawful: Pennsylvania Eminent Domain — Snitzer, sec. 406-2.3, p. 156.

This court views the discretion exercised in this case as somewhat similar to that which would be exercised by the Secretary of Highways in determining the location, width or length of a proposed highway. In Washington Park, Inc. Appeal, 425 Pa. 349, 353, 229 A. 2d 1, the court said:

"We have no power to substitute our discretion for his, nor to correct mistaken judgments. Furthermore, it is presumed that the highway department's officials have performed their duties in good faith; the burden upon the appellant to prove the contrary, that the officials acted in a capricious or fraudulent manner, or that their actions were based upon private motives inconsistent with the public welfare, is a heavy one."[2]

The same rule is applicable to efforts to substitute the court's discretion in place of the legislatively granted discretion of a redevelopment authority: Crawford v. Redevelopment Authority, 418 Pa. 549, 211 A. 2d 866 (1965). Discretion to exercise condemnation rights have been upheld, even though the land condemned could not be put to its contemplated use without securing a zoning change: Upper Dublin

---

[2] To the same effect Camp Hill Borough Condemnation, 43 D. & C. 2d 418 (1967).

Township Authority v. Piszek, 420 Pa. 536, 218 A. 2d 328 (1966).

But one case could be found, however, where it was held as a matter of law that the condemnee could not present testimony to support its contention that the taking was capricious, arbitrary and an abuse of power. In Condemnation of Right Way in Greencastle Borough, 37 D. & C. 2d 575 (1965), shortly after the enactment of the new Eminent Domain Code, supra, the sole contention was that the Commonwealth improperly located lines in front of the condemnee's property which would result in a steep slope in front of their home, loss of valuable trees and shrubs without provision for an extension of the present existing underground storm drains. The condemnor properly contended that all of these items are simply matters to be considered in the condemnation proceeding as element and money damage. We agree with the view there expressed, page 582:

"But we cannot think it was intended to make the courts competent to decide questions of the type posed by the objection here. Obviously, a massive taking of evidence and a massive requirement of engineering skill would be faced if the court were to set out to determine anew whether the Secretary of Highways had properly laid out the lines of work to be done in reconstructing the Lietersburg Road, whether the line of the road should be moved northward into the vacant land spoken of by the owners, or whether the Commonwealth should be required to pay for constructing a stone wall in front of the owners' property to hold the land and thus avoid destruction of important landscaping presently situated there."

The problem in the instant case, however, is not nearly as complex from an engineering standpoint. Rather it involves a consideration of an alleged arbi-

trary and capricious action in condemning land when other land is alleged to be available free of charge.

This court cannot deny the condemnees the opportunity to present testimony for this purpose. They may elect to do so either by deposition or requesting a hearing date at which testimony will be taken by the court.

Wherefore, the petition to strike off the preliminary objections is dismissed and the condemnees may proceed by taking depositions or requesting a hearing to determine the merits of defendants' preliminary objections is hereby granted.

### ORDER

And now, May 7, 1969, it is hereby ordered that the petition to strike off the preliminary objections is denied and the condemnees may proceed either by deposition or by request for a hearing before this court for the purpose of receipt of testimony to support the allegations as contained in the preliminary objections. If the condemnees proceed by deposition, all testimony must be so recorded and submitted to the court by June 20, 1969. If the matter is to proceed by receiving testimony by the court, application shall be made for hearing date within 10 days of this order.