## Frable v. Green

*William J. Fries,* for plaintiff.
*George T. Dydynsky,* for defendant.

LAVELLE, *Chancellor,* January 11, 1989—In this neighbor-against-neighbor dispute, plaintiff asks this court to enjoin defendant from blocking a road to her property.

Plaintiff's right to equitable relief is grounded on an alleged easement over defendant's property. Defendant denies that any such right exists.

From the extensive record made before us during four hearings, we make the following

## FINDINGS OF FACT

(1) Plaintiff, Delores Frable, is the owner of a two-acre parcel of land, improved by a trailer, in Lower Towamensing Township, Carbon County. She acquired the land by deed dated July 10, 1974, from her in-laws, Dallas Smith (now deceased) and Myrtle B. Smith (now Myrtle Smale), and recorded on May 1, 1979 in Deed Book 403, page 161, etc.

(2) Plaintiff's deed from the Smiths did not contain any language creating or conveying an easement, nor did the Smiths intend to convey any easement.

(3) A 30-foot wide private roadway (hereafter "Front Road"), constructed at the behest of Mrs. Smale, leads from plaintiff's property over Mrs. Smale's property to Summer Mountain Drive, which is a township road.

(4) Myrtle Smale has allowed plaintiff to use the Front Road as a means of access to and from plaintiff's land to Summer Mountain Drive since 1981, and will continue to do so in the future.

(5) Myrtle Smale conveyed a .775 acre parcel of land to defendant, Herbert Green, by deed dated May 4, 1981, and recorded in Carbon County Deed Book Volume 427, page 323, etc. This property is adjacent to the land owned by Delores Frable, and is part of the same tract from which plaintiff obtained title to her land.

(6) For several years until 1981, plaintiff, her late husband, friends and family used a narrow strip of land on defendant's northern property line (hereinafter called "Dump Fence Road"), for ingress and egress to Summer Mountain Drive.

(7) The Front Road was occasionally closed in the winter months due to snow accumulation and poor weather conditions.

(8) In 1981, defendant began planting trees on his property and also erected a log fence which effectively blocked plaintiff's use of the Dump Fence Road over defendant's property for ingress and egress.

## DISCUSSION

A court of equity will grant relief by enjoining interference with an easement where plaintiff establishes a clear legal right to the easement and an inadequate remedy at law. *Williams v. Bridy,* 391 Pa. 1, 136 A.2d 832 (1957).

Plaintiff, of course, has the burden of proving her alleged easement by a fair preponderance of the evidence.

In order to meet her burden, plaintiff attempted to

prove that she had either an "easement by implied reservation" and/or an easement by necessity over defendant's property.

### Easement by Implication

It is well-settled that an easement by implication arises only where that was the intent of the parties, as shown by terms of grant and surrounding circumstances. *Nord v. Devault Contracting Company Inc.*, 460 Pa. 647, 334 A.2d 276 (1975).

Plaintiff offered her deed from the Smiths into evidence. The deed contains no language which even remotely suggests the conveyance of an easement across defendant's property.

Further, evidence was presented that, at the time of the conveyance from the Smiths to plaintiff and her late husband: the parties did not intend to convey any easement in the deed. The parties to this action desposed John Deutsch, Esq., the attorney who represented Mr. and Mrs. Smith in the 1974 conveyance to plaintiff, as well as the 1981 conveyance from Mrs. Smith to defendant, and who prepared both deeds. In his deposition, questioned by George T. Dydynsky, Esq., Mr. Deutsch offered the following:

Mr. Dydynsky: Does it (the deed mentioned in finding of fact number 3) refer to any roadway other than the township road as a boundary of the particular tract of land that you are conveying?

Mr. Deutsch: Definitely not because all we were conveying was this 2.099 acres, period.

Mr. Dydynsky: Were you ever at all instructed by Mrs. Smith and/or Dallas Smith to convey any easement to Mr. Frable and Mrs. Frable?

Mr. Deutsch: No, because if we would have been, we'd have had it in the deed. And if the Frables were

supposed to have any right or any road or anything else, we'd have mentioned that right in the deed.

The obvious inference from this testimony is that the Smiths never intended to convey an easement to the Frables. Plaintiff has therefore failed to prove that she has any easement by implied reservation over defendant's property.

### Easement by Necessity

We now proceed to the question whether plaintiff's proof has established an easement by necessity.

It is well-settled in Pennsylvania that an easement by necessity may be created when after severance from adjoining property, a piece of land is without access to a public highway. *Soltis v. Miller,* 444 Pa. 357, 282 A.2d 369 (1971); *Borstner v. Allegheny County,* 332 Pa. 156, 2 A.2d 715 (1938); see also Restatement of Property, §474 (1944); *Burns Manufacturing Company v. Boehm,* 467 Pa. 307, 356 A.2d 763 (1976).

Further, "logic and the policy of maximum land use (dictate) that the extent of an easement by necessity be defined by the reasonable and lawful uses of the dominant tenement." *Bodman v. Bodman,* 456 Pa. 412, 414, 321 A.2d 910, 912 (1974). An easement of necessity arises upon a showing of "reasonable necessity" and is not dependent upon prior use of the land in an open, continuous and permanent manner. *Burns Manufacturing Company v. Boehm, supra; Soltis v. Miller, supra.* In essence, "this type of easement is a product of situations where the very usefulness of the inaccessible land itself is at stake." *Kobal v. General Assembly of the Church,* 11 Carbon L.J. 157, 160 (1988).

Lastly, the scope of the resulting implied easement is construed to embody the best judgment of

the courts as to what is reasonably essential to the land's use. *Powell on Real Property,* §416 (1975).

There is no question that plaintiff's property does not have any direct access to the township road. The evidence also reveals that plaintiff's land was severed from property owned by Mrs. Smale which does in fact have access to Summer Mountain Drive.

The evidence in this case establishes that the Front Road has been in existence since at least 1981, and quite probably long before that, and this road provides plaintiff with direct access to the township road. Moreover, testimony revealed that Mrs. Smale allows plaintiff, her family and friends to use the Front Road as an access route from the township road to her land. Unless and until Mrs. Smale withdraws her permission to use the Front Road, plaintiff's property is not "landlocked." Further, even if Mrs. Smale should refuse plaintiff the use of the Front Road, it appears from the evidence before us that plaintiff could claim an easement by necessity over the Front Road.

We are not persuaded that the occasional obstruction or difficulty of access over the Front Road as a result of adverse winter weather conditions makes plaintiff's property "landlocked." Plaintiff's occasional difficulty in travelling the Front Road in wintertime is not unlike similar difficulties encountered by most winter travellers of rural roads in Northeast Pennsylvania. Furthermore, plaintiff has not briefed, nor has our research revealed, any Pennsylvania appellate case law which would support an easement by necessity predicated on occasional obstruction of access over a roadway which has closer and permitted access to the public road.

We conclude, therefore, that plaintiff has not met her burden of proving a clear legal right on the basis of easement.

For these reasons, we enter the following

## CONCLUSIONS OF LAW

(1) The court has equity jurisdiction over the parties and the subject matter of this litigation.

(2) Plaintiff has neither an easement by necessity nor an easement by implication over defendant Green's land.

(3) Plaintiff is not entitled to equitable relief.

(4) Judgment should be entered for defendant.

## DECREE NISI

And now, January 11, 1989, it is hereby ordered and decreed as follows:

(1) The injunctive relief prayed for by plaintiff in her complaint in equity be and is hereby denied.

(2) Plaintiff's complaint is dismissed.

(3) Costs on plaintiff.

(4) The prothonotary is directed to enter this decree nisi and to give notice thereof to the parties or their counsel of record. If no exceptions are filed within 10 days after notice, this decree nisi shall be entered by the prothonotary as a final decree on praecipe.