148 Pa. Commonwealth Ct. 522 (1992)
611 A.2d 1362
In re PRIVATE ROAD IN UNION TOWNSHIP.
RALSTON HUNTING CLUB, Appellant,
v.
Dennis W. SOURBEER, Judy Sourbeer, D. Stewart Martin and Joyce Martin, Appellees.
Commonwealth Court of Pennsylvania.
Argued April 7, 1992.
Decided June 15, 1992.
*524 Thomas L. Marshall, for appellant.
Larry Linder, for appellees.
Before SMITH, KELLEY, JJ., and LEDERER, Senior Judge.
SMITH, Judge.
Ralston Hunting Club (Club) appeals from the order of the Court of Common Pleas of Tioga County which confirmed the report of the board of view laying out a twenty-foot wide private road across the land owned by the Club and assessing *525 damages of $3,000 against Appellees. The issues raised by the Club are whether the doctrines of res judicata and collateral estoppel bar the present proceeding to open a private road because the trial court in a prior equity action denied an easement by necessity, and whether the Club is entitled to a jury trial on the issue of damages.[1]
Appellees are owners of 103 acres of timberland in Union Township, Tioga County. Appellees' land is divided by a ravine known as the "Whetstone Ditch" which is 80 to 100 feet deep and several hundred feet wide. Approximately fifty-eight acres of Appellees' land lies on the east side of the Whetstone Ditch. Appellees have access to the western portion of the land from the public road with a right-of-way across the Crooks' land (Crooks Right-of-Way) which existed since the 1960's.
In 1987, Appellees filed an equity action to enjoin the Club from interfering with their alleged right-of-way on the Club's land. The trial court found that Appellees acquired an easement by prescription to a twelve-foot one lane right-of-way extending from a township road to Appellees' land traversing a contiguous tract owned by the Club. The easement, however, was limited to logging and timber operations because the right-of-way was used only for those purposes during the prescription period. The trial court determined that Appellees were not entitled to the alternative claim of an easement by necessity since the necessary elements for such easement did not exist.
Thereafter, pursuant to Section 11 of the Act of June 13, 1836 (Act), P.L. 551, as amended, 36 P.S. § 2731, Appellees filed a petition for appointment of a board of view seeking to open a private road between their land lying on the east side of the Whetstone Ditch and Pennsylvania Legislative Route 58055, asserting that portion of the land was landlocked with no access to a public road.[2] The trial court granted the *526 petition and appointed a board of view which viewed the property and held a hearing on May 24, 1990.
In its report, the board found the necessity for opening a private road to allow Appellees to use their landlocked land located on the east side of the Whetstone Ditch on the ground that the easement by prescription granted by the trial court in the 1987 equity action is limited in size and use and that the cost of constructing a bridge across the Whetstone Ditch would be prohibitive. The board recommended that a private road be laid out over the Club's land following the same route of the right-of-way which the trial court granted Appellees in the equity action and that the width of the private road be twenty feet. The board assessed damages against Appellees in the amount of $3,000.
First, the Club contends that the present proceeding is barred because the issue of necessity for a right-of-way was fully litigated in the prior equity action and decided by the trial court. To apply the doctrine of res judicata, there must be a concurrence of four elements: (1) identity of the things sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made. Schubach v. Silver, 461 Pa. 366, 336 A.2d 328 (1975); Grim v. Borough of Boyertown, 141 Pa.Commonwealth Ct. 427, 595 A.2d 775 (1991). In determining whether the doctrine should apply, the essential inquiry is whether the ultimate and controlling issues have been decided in prior proceedings. Philadelphia County Board of Assistance v. Vinson, 75 Pa.Commonwealth Ct. 518, 463 A.2d 73 (1983). There is an identity of the cause of action when in both proceedings, the subject matter and the ultimate issues are the same. Madara v. Commonwealth, 40 Pa.Commonwealth Ct. 581, 397 A.2d 1294 (1979). A review of the *527 record demonstrates a lack of identity of the causes of action in the prior equity litigation and the current matter.
An easement by necessity may be created whenever after severance from adjoining property, a piece of land is without access to a public highway. Bodman v. Bodman, 456 Pa. 412, 321 A.2d 910 (1974). For an easement by necessity to arise, there must be a unity of ownership of the dominant and servient estate, and the necessity must exist at the time of severance of the land. Bosch v. Hoffman, 42 Pa.Superior Ct. 313 (1910). Further, an easement by necessity may be claimed only against the owner of the adjacent severed land. Soltis v. Miller, 444 Pa. 357, 282 A.2d 369 (1971). By contrast, a proceeding to open a private road is provided for by the Act under which only a board of view, not the court, is authorized to determine the necessity to open a private road. Section 12 of the Act, 36 P.S. § 2732; Mattei v. Huray, 54 Pa.Commonwealth Ct. 561, 422 A.2d 899 (1980). Further, the determination of necessity must be based upon present use of the property. Little Appeal, 180 Pa.Superior Ct. 555, 119 A.2d 587 (1956). A private road may be laid out over any adjacent properties considering "the shortest distance, the best ground for a road and the least injury to private property." Section 11 of the Act; Section 2 of the Act, 36 P.S. § 1785. Thus, since the ultimate issues for disposition in both proceedings are different, the doctrine of res judicata is inapplicable to the instant matter. The trial court was therefore correct in its view that since Appellees were not entitled to an easement by necessity because the necessary elements did not exist, they were required to petition for a private road.[3]
*528 The doctrine of collateral estoppel is likewise inapplicable. Collateral estoppel applies if the following five elements are met: (1) the issue decided in the prior action is identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior action; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. City of Pittsburgh v. Zoning Board of Adjustment of City of Pittsburgh, 522 Pa. 44, 559 A.2d 896 (1989). As indicated, the trial court's consideration of the necessity for a right-of-way in the equity action was unnecessary and therefore not essential to its decision. Collateral estoppel operates only to bar relitigation of issues which were indispensable to the prior action. Pilgrim Food Products Co. v. Filler Products, Inc., 393 Pa. 418, 143 A.2d 47 (1958).
The Club alternatively contends that it is entitled to a jury trial on the issue of damages. In its appeal to the trial court, the Club set forth a written demand for a jury trial. Since proceedings to open private roads and subsequent proceedings to assess damages are separate and distinct, damages may be assessed only after determinations as to the necessity for the private road and its location, width and distance have been made. Mandracchia v. Stoney Creek Real Estate Corp., 133 Pa.Commonwealth Ct. 510, 576 A.2d 1181 (1990). In Mattei, this Court affirmed the trial court's grant of a jury trial solely on the issue of damages and not on the issue of necessity as requested by the Matteis. This Court noted that "[n]one of the various statutes granting rights of appeal in this type of case ever granted trial by jury on any issue but damages." Id., 54 Pa.Commonwealth Ct. at 565 n. 5, 422 A.2d at 901 n. 5. Relying on Mattei, the Superior Court has recently held that owners of land condemned for opening a private road are entitled to a jury trial on the issue of *529 damages. Zeafla Appeal, 405 Pa.Superior Ct. 298, 592 A.2d 343 (1991); see also Marinclin Appeal, 204 Pa.Superior Ct. 552, 205 A.2d 885 (1964).
Section 16 of the Act, 36 P.S. § 2736, provides that "[t]he damages sustained by the owners of the land through which any private road may pass shall be estimated in the manner provided in the case of a public road...." An appeal from an award of damages by a board of view for opening a public road is provided for in Section 1 of the subsequently enacted Act of April 15, 1891, P.L. 17, 36 P.S. § 2151, which provides in pertinent part that any owner of property for which a public road has been laid out "shall have the right to appeal to [the court] ... for the determination of the question of damages by a jury,...."[4] This Court accordingly concludes that Section 16 of the Act authorizes a right to a jury trial on damages in proceedings to open a private road when owners of condemned property appeal to the trial court from an award of a board of view. Consequently, this matter must be remanded to the trial court for a jury trial on the issue of damages. The order of the trial court is therefore reversed to the extent that it confirmed the award of damages by the board of view and the case is remanded for jury trial on this issue.

ORDER
AND NOW, this 15th day of June, 1992, the order of the Court of Common Pleas of Tioga County, dated May 8, 1991, is reversed to the extent that the court confirmed the assessment of damages in favor of the Ralston Hunting Club, and this matter is remanded to the court for a jury trial on the *530 issue of damages. The order of the court is affirmed in all other respects.
Jurisdiction relinquished.
NOTES
[1] This Court's scope of review is limited to ascertaining the validity of the court's jurisdiction, the regularity of the proceedings, reviewing questions of law and whether there has been an abuse of discretion. Bitting v. Beaston, 120 Pa.Commonwealth Ct. 448, 549 A.2d 611 (1988).
[2] Section 11 of the Act provides:

The several courts of quarter sessions shall, in open court as aforesaid, upon the petition of one or more persons, ... for a road from their respective lands or leaseholds to a highway or place of necessary public resort, or to any private way leading to a highway, ... direct a view to be had of the place where such road is requested, and a report thereof to be made, in the same manner as is directed by the said act of thirteenth June, one thousand eight hundred and thirty-six.
[3] In the prior equity action, the trial court correctly noted that there must be a unity of ownership to assert an easement by necessity. Appellees were not entitled to an easement by necessity in the prior action due to a lack of unity of ownership and therefore, it was unnecessary for the trial court to consider the necessity for a right-of-way over the Club's land. The court also stated that since the western portion of Appellees' land was serviced by the existing Crooks Right-of-Way, they had access, however inconvenient, to their land. This statement, however, was contrary to the principle that an easement by necessity must be determined by the necessity which existed at the time of severance of the land, not by the present necessity. The Club therefore has improperly relied upon the trial court's discussion in this regard to support its argument that the present action is barred.
[4] Sections 516 and 517 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, as amended, 26 P.S. §§ 1-516, 1-517, provide a right to a jury trial on the issue of damages in condemnation proceedings. This Court has held that provisions of the Eminent Domain Code are inapplicable to a proceeding to open a private road. Mattei. The Superior Court has held, however, that the Eminent Domain Code does apply to private road proceedings. See Zeafla Appeal.