**Ruddy v. Saitta**

*Joseph Carney,* for plaintiffs/appellees.
*William MacMinn,* for defendants/appellants.

HODGSON, *P.J.,* April 30, 2008—David Saitta and Colleen Saitta (appellants), appeal our order dated March 29, 2006 in which this court granted Donald and Eleanor Ruddy's (appellees) motion for summary judgment as well as an easement by necessity through appellants' land. Appellants further appeal our order dated February 6, 2008, determining the location of said easement.

## FACTS AND PROCEDURAL HISTORY

The parties to this action are the owners of two adjoining separate tracts of land that are located in Marlborough Township, Pennsylvania. Both properties were at one time owned by Thomas White until 1937 when White conveyed away what is now appellants' land (the "servient estate"),[1] thereby depriving the remaining land parcel (the "dominant estate") without access to a public roadway. Thereafter, the dominant estate remained landlocked and was in such a condition when appellees obtained title to it in 1985. Appellants subsequently obtained title to the servient estate in 2001 and appellees thereafter approached them regarding the possibility of an easement so that appellees might have access to the public roadway from their land. Unable to reach a successful resolution, appellees filed an action to quiet title with this court on May 31, 2005, in which they alleged that they were entitled to an easement by necessity through appellants' land. In their answer, appellants argued that appellees

---

1. Also included in White's 1937 conveyance was land that is not part of the servient estate.

could instead obtain access to the road by traveling over other adjoining land parcels. Appellees then filed a motion for summary judgment, which we granted on March 29, 2006, finding that appellees were entitled to an easement by necessity through the servient estate. We further granted the parties 90 days within which to decide the details surrounding the construction of said easement. The parties were unable to reach such an agreement and we accordingly held a hearing on October 11, 2007 and October 31, 2007 concerning the location of the easement. After considering the evidence and proposed routes of both parties, we found appellants' to be unreasonable and directed the easement to follow the contours of appellees' proposed driveway. Appellants then filed this instant appeal with the Pennsylvania Superior Court on March 6, 2008. In accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, we directed appellants to file and serve upon us a concise statement of errors complained of on appeal by no later than April 4, 2008. We received said statement on March 27, 2008.

## LEGAL DISCUSSION

Initially, appellants argue that this court erred in granting appellees' motion for summary judgment and finding that appellees were entitled to an easement by necessity over their land. Specifically, appellants maintain that such a finding is unsupported by evidence and ignores material factual disputes regarding the ownership of the adjacent lots of land and whether or not the necessity, which forms the basis for the easement, existed at the time of the severance of title. '

Summary judgment is governed by Rule 1035 of the Pennsylvania Rules of Civil Procedure which provides that a motion for such judgment may be granted upon finding that the pleadings as well as any depositions, answers to interrogatories and admissions on file, along with affidavits, show that there is no genuine issue regarding material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b). Accordingly, our inquiry is whether there are any facts alleged which establish a genuine issue so that summary judgment should not have been granted.

The Pennsylvania Supreme Court has held that where a conveyance of property creates a situation such that "access to it from the highway cannot be had except by passing over the remaining land of the grantor, then the grantee is entitled to a way of necessity over the lands of his grantor." *Soltis v. Miller,* 444 Pa. 357, 359, 282 A.2d 369, 370 (1971). In order for such an easement to arise, the following elements must be met:

"(1) The titles to [both] the alleged dominant and servient properties must have been held by one person.

"(2) This unity of title must have been severed by a conveyance of one of the tracts.

"(3) The easement must be necessary in order for the owner of the dominant tenement to use his land, with the necessity existing both at the time of the severance of title and at the time of the exercise of the easement." *Graff v. Scanlan,* 673 A.2d 1028, 1032 (Pa. Commw. 1996).

Upon review of the relevant facts in this case, we find our order granting appellees' motion for summary judg-

ment was properly entered. Both of the parties' properties were at one time owned by Thomas White until 1937 when he conveyed the servient estate thereby leaving the dominant estate landlocked as it remains today. As such, appellees are entitled to an easement across the servient estate land in order for them to reach a public freeway. Although appellants maintain that appellees may gain access to Long Road by crossing over other neighbors' properties, such an argument fails to take notice of the fact that an easement by necessity requires both dominant and servient properties to have shared a unity of ownership at one time. Here, the servient estate is the only land which borders the dominant estate where both entire parcels enjoyed common ownership. Even though appellees' land also borders a second neighboring parcel of property, part of which was owned by White, access through it by easement cannot be had since the portion of the land bordering the dominant estate was owned by another individual and not by White. This is evidenced by the exhibits attached to appellees' complaint. On this basis, we properly found appellees are entitled to summary judgment in their favor as well as an easement by necessity over appellants' land.

Appellants next argue that this court erred in its order dated February 6, 2008 identifying the location of appellees' easement. Specifically, appellants maintain that the location of said easement is inconvenient and unreasonably burdens the servient estate. They further opine that such a finding is unsupported by evidence as it ignores the testimony of appellants' experts and further fails to comply with township driveway construction ordinances. Upon review of appellants' arguments, we submit that

this court's order describing the location of appellees' easement clearly sets forth the reasoning for our decision and, therefore, we need not issue another full opinion in accordance with Rule of Appellate Procedure 1925(a).[2]

We shall address appellants' claim that we failed to consider local township driveway ordinances in our order granting appellees' easement.

Clearly, appellees believe that they can obtain waivers of any applicable township ordinances. Otherwise, it would make no sense to submit the easement route which we found to be appropriate. However, since we are not in a position to predict whether any necessary approvals will be granted, we did not address this issue in our order.

## CONCLUSION

Based on the forgoing, the undersigned respectfully requests that the instant appeal be dismissed.

---

2. A copy of the court's order dated February 6, 2008 is attached hereto [not published herein].