J-A18034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DOUGLAS KEHR AND TAMMY KEHR LIVING TRUST, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| LARRY GRISSINGER AND JOYCE GRISSINGER, | |
| Appellants | No. 1796 MDA 2015 |

Appeal from the Order Entered September 17, 2015
In the Court of Common Pleas of Huntingdon County
Civil Division at No(s): 2012-1117

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED AUGUST 12, 2016**

Larry Grissinger and Joyce Grissinger ("the Grissingers") appeal from the September 17, 2015, order entered in the Court of Common Pleas of Huntingdon County.  We affirm.

The relevant facts and procedural history are as follows:  The Douglas Kehr and Tammy Kehr Living Trust ("the Kehrs") own approximately 59.104 acres of land, which is partially located in Huntingdon County and partially located in Fulton County.  The Grissingers own approximately 181 acres of land, which is adjacent to the Kehrs.  On August 8, 2012, the Kehrs filed a complaint in equity seeking to obtain an easement by necessity over and across the Grissingers' adjacent property.  With regard to the location of the easement, the Kehrs averred they were entitled access to their property

_____
*Former Justice specially assigned to the Superior Court.

from the Township Road known as McKinleyville Road, and over and across the Grissingers property at the road as depicted on a survey plan prepared by Kirby D. Lockard, a registered land surveyor. The Kehrs noted that, in the past, there existed such a private roadway, which was constructed in the 1980s and known as the "Upper Road."

The Grissingers filed an answer with new matter in which they denied the Kehrs were entitled to an easement by necessity over and across their property. While the Grissingers admitted the Kehrs' property does not border a public road, they averred the Kehrs had access to their property via an old private road leading from McKinleyville Road at Sideling Hill Creek in Taylor Township, Fulton County. The Grissingers indicated this road is known as the "Lower Road." The Grissingers denied there ever existed an "Upper Road" over their land for the benefit of the Kehrs. The Grissingers admitted a previous owner of the Kehrs' property, Ray Yeager, had constructed a road in the 1980s; however, the Grissingers averred it was constructed without their permission so they closed it.

On August 19, 2013, the trial court conducted a bench trial, at which the parties presented a combined total of eight witnesses. On October 11, 2013, the trial court filed an order and opinion ruling in favor of the Kehrs. Specifically, the trial court concluded the Kehrs met their burden of proving entitlement to an easement by necessity over and across the Grissingers' property. In this regard, the trial court found the properties had been held

by one person; this unity of title was severed by conveyance of one of the tracts; and the easement was necessary, both at the time of severance and at the time of the exercise of the easement, since the Kehrs' property was landlocked. Trial Court Opinion filed 10/11/13, at 10-11.

With regard to the location of the easement, the trial court noted the following in its opinion:

> [The Kehrs]. . .ask the court to locate the easement at the "Upper Woods Road" location created during the ownership of their property by Ray Yeager and used by him for eleven (11) years.
> [The Grissingers] argue there is no necessity inasmuch as all of [the Kehrs'] predecessors in title until Ray Yeager had accessed the property over the years using the "lower road."
> ***
> [B]ased on the evidence, it would seem that the most appropriate access for [the Kehrs] is the right-of-way cut in by Ray Yeager in 1987. Therefore, we will order that [the Kehrs] be granted the right to access their property over what is depicted on their survey as "Woods Road." [The Kehrs] will be directed to submit a form of order consistent with the view expressed in this [opinion].

*Id.* at 9-12.

Thereafter, on November 1, 2013, based on the order submitted to it by the Kehrs, the trial court entered the following order:

> [The Kehrs] [are] entitled to an easement by necessity over the land owned by [the Grissingers]. It is further ORDERED, DIRECTED, AND DECREED that said easement shall be twenty-five (25) feet in width, and said easement shall provide access to [the Kehrs'] property off of McKinleyville Road and over and across [the Grissingers'] property at the "Upper Woods Road" location as depicted on the survey prepared by Kirby D. Lockard, Registered Professional Land Surveyor, dated May 9, 2007. Said survey depicting the location of [the Kehrs'] easement by necessity is hereby incorporated into this Order.

Trial Court Order, filed 11/1/13.

The Grissingers filed a timely motion for post-trial relief. Therein, the Grissingers argued the trial court erred in finding the Kehrs were entitled to an easement by necessity over and across their property. In this regard, the Grissingers averred the Kehrs' property was not landlocked and it could be accessed via the "Lower Road." The Grissingers also challenged the trial court's conclusion that the most appropriate access for the Kehrs is the right-of-way cut in by Ray Yeager in 1987.

Following a hearing, the trial court entered an order on January 31, 2014, which provided as follows: "It is ordered that the prior order entered in this case on November 1, 2013[,] is set aside and vacated. Judgment is entered in this case in favor of [the Grissingers]. The action is dismissed." Trial Court Order, filed 1/31/14.

The Kehrs filed a timely notice of appeal to this Court, and a three-judge panel reversed the trial court's January 31, 2014, order. *Kehr v. Grissinger*, 296 MDA 2014, at 2-5 (Pa.Super. filed 1/5/15) (unpublished memorandum). Specifically, this Court concluded that the Kehrs had proven all three elements for the establishment of an easement by necessity over the Grissingers' property. *Kehr*, 296 MDA at 6. More specifically, we concluded the Kehrs had proven the titles to the Grissingers' and their properties were held by one person (Thomas Wilson); this unity of title was severed by a conveyance of one of the tracts; and an easement was

- 4 -

necessary, at the time of severance of title and at the time of the exercise of the easement, in order for the Kehrs to use their land (the Kehrs' property was landlocked). **See id.** at 6-10. Concluding "the trial court abused its discretion and erred as a matter of law in vacating its November 1, 2013[,] order granting [the Kehrs] an easement by necessity over the land owned by [the Grissingers,]" we reversed the trial court's January 31, 2014, order. **See id.** at 10.

Following our reversal and remand, the attorneys for the parties and the trial court participated in a conference call on February 10, 2015. Thereafter, by order entered on May 19, 2015, the trial court entered the following order:

> [C]onsistent with the Memorandum and Order filed. . .by the Superior Court of Pennsylvania on November 24, 2014,. . .it is hereby ORDERED, DIRECTED, AND DECREED that [the Kehrs are] granted, and shall hereafter possess, an easement by necessity over the property owned by [the Grissingers]. [The Kehrs are] granted the right to access [their] property. . .over and through the property adjacent to [the Kehrs] property owned by [the Grissingers]. . . It is further ORDERED, DIRECTED, AND DECREED that said easement by necessity shall inure to the benefit of [the Kehrs] and [the Kehrs'] successors in title; be binding upon [the Grissingers] and [the Grissingers'] successors in title; be twenty-five (25) feet in width; and provide [the Kehrs] access to [the Kehrs'] property from the Township Road known as McKinleyville Road over and across [the Grissingers'] property at the "Upper Woods Road" location depicted over the "Plan Showing Right-of-Way Granted to [the Kehrs]" prepared by Kirby D. Lockard, Registered Professional Land Surveyor, Africa Engineers & Land Surveyors, Inc., dated February 17, 2015, a true and correct copy of which is attached and incorporated into this Order; and furthermore, the legal description is also attached hereto and incorporated into this Order. . . .

Trial Court Order, filed 5/19/15.

On June 2, 2015, the Grissingers filed a motion for reconsideration. Therein, the Grissingers conceded that, in light of this Court's previous decision, the Kehrs were entitled to an easement by necessity over and across their property. However, with regard to the location of the easement, the Grissingers noted, *inter alia*, the trial court's May 19, 2015, order was apparently based on a new survey conducted by Mr. Lockard, which was dated February 17, 2015. The Grissingers averred they did not have an opportunity to be heard as to the location of the easement by necessity and, accordingly, they requested a hearing on the matter.

By order entered on June 4, 2015, the trial court held "upon consideration of [the Grissingers'] Motion for Reconsideration, IT IS ORDERED that reconsideration is granted. The Court Administrator shall schedule a hearing with respect to the Motion." Trial Court Order, filed 6/4/15. On August 10, 2015, the trial court held a hearing on the Grissingers' motion for reconsideration at which the parties argued their respective positions regarding the location of the easement.

Specifically, with regard to the location of the easement, the Grissingers argued that the trial court's November 1, 2013, order referenced a survey plan prepared by Kirby D. Lockard, which was dated May 9, 2007, whereas the trial court's May 19, 2015, order referenced a survey plan, which was prepared by Mr. Lockard on February 17, 2015. N.T. 8/10/15, at

1-7. The Grissingers noted that, whereas the survey plan with regard to the November 1, 2013, order provided for a seventy feet long easement, the survey plan with regard to the May 19, 2015, order provided for an easement that was more than 300 feet long. *Id.* at 3-4.

As to the location of the easement, the following relevant exchange occurred during the hearing:

> **[The Kehrs' Attorney]:** The easement by necessity was specifically considered at the time of trial, Judge. The record is clear. Mr. Lockard testified that the [U]pper [W]oods [R]oad was the closest point in conjunction with its terrain to access the Kehrs' property.
> If we would follow what [the Grissingers' Attorney] is suggesting, [the Kehrs] would be effectively barred from accessing their property because of the terrain. This specific survey was what was introduced at the time of trial over no objection by [the Grissingers].
> **The Court:** This survey came in at trial?
> **[The Kehrs' Attorney]:** Yes, Your Honor. And the Court made a specific finding of fact in its initial October 2013 opinion which said based upon all the evidence presented, this is the most reasonable access. In fact, Mr. Lockard went a step further and said this is the only access because of the terrain.
> Judge, this area with these properties where they connect is aside from this road that is being proposed.
> **The Court:** This survey that's attached to the motion was done in this year in February?
> **[The Kehrs' Attorney]:** That followed the status conference on February 10[th].
> **The Court:** That's right. See my understanding was when we had that meeting we had [an] agreement that before I made a final order Mr. Lockard would go out and do a survey and then we would enter the order that would incorporate the survey.
> **[The Kehrs' Attorney]:** If you look at [the Grissingers' Attorney's] correspondence from January 6[th], 2015, what was requested was that the survey be enlarged so that it be more visible. That's what was agreed to at the status conference.
> **The Court:** But I understand that there was no argument as to the location—we weren't arguing as to the location of the

easement; just that there would be something more specific to place on record.

**[The Kehrs' Attorney]:** That's correct, Your Honor. And I think [the Grissingers' Attorney's] complaint was that it was not visible because the scale wasn't visible. If that scale would be attached to an order, you wouldn't be able to see the specific points—

**The Court:** [Mr. Lockard], this was the same survey that you did that we had at trial, is that right?

**Mr. Lockard:** It was based on the survey that was done prior to the trial. We didn't go back and do any additional surveying.

**The Court:** You didn't do additional work?

**Mr. Lock[ard]:** Correct. We had the road located back in 2007. We created this last drawing based on that survey to be able to show the 25-foot easement.

**The Court:** All right.

**[The Kehrs' Attorney]:** Your Honor, the idea was that it would be staked out prior to the Kehrs opening up the road, but the location itself was never an issue at the status conference; nor is it an issue in the record of this case.

And in addition to [the Grissingers] not meeting the standard for a Motion for Reconsideration at this juncture of the case, the effect of the Superior Court's –it was an unqualified reversal of this Court's order, which effectively revived the terms contained in your November 1, 2013[,] order. There are no new facts needed to be developed, Judge. The record is closed. My clients have been without access to their property for many years. And to attempt to re-litigate this issue all over again, Judge, when all of these matters were vetted out at the time of trial, [the Grissingers] can't come to court now and say well we disagree with the order so we want it to provide access such that there is no access. That's essentially what they are asking.

**[The Grissingers' Attorney]:** Your Honor, thank you. There is access. Seventy feet would give access to the property. Now, if there is a different definition for access, I don't know it. But from the road to the boundary line of the property is 70 feet. That provides access to the property. It does not say it has to provide access to the deepest part of the property or to a specific part of the property. It has to provide access to the property.

\* \* \*

So, Your Honor, with regard to not having addressed these issues before, again, the location of the road was not at issue

because what the Court ultimately did was not grant an easement. And so that's the issue that was appealed. This issue has never been properly vetted or [the Grissingers] have not had an opportunity. Again, if the Court would have stayed with the original order, [the location of the easement] could have been appealed. But that was never—that opportunity was not there because the Court reversed itself.

N.T., 8/10/15, at 6-9.

By order and opinion filed on September 17, 2015, the trial court denied the Grissingers' motion for reconsideration. The Grissingers filed a timely notice of appeal on October 14, 2015,[1] and all Pa.R.A.P. 1925 requirements have been met. In its Rule 1925(a) opinion, the trial court urges this Court to find no merit to the Grissingers' claim that the trial court erred as it relates to the location of the easement or, alternatively, that the Grissingers waived the claim for review.

On appeal, the Grissingers raise the following issues for our review:

I.      [Are the Grissingers] allowed to challenge the location and extent of the easement despite the Superior Court's reversal of the trial court's January 2014 order?

---

[1] It is well-settled that the trial court may consider a motion for reconsideration if the motion is filed within thirty days of the entry of the disputed order. **PNC Bank, N.A. v. Unknown Heirs**, 929 A.2d 219, 226 (Pa.Super. 2007); 42 Pa.C.S.A. § 5505. Moreover, if the trial court expressly grants reconsideration within the prescribed thirty day period, the time for taking an appeal is tolled. **See** Pa.R.A.P. 1701. Here, the Grissingers' motion for reconsideration, as well as the trial court's express granting thereof, occurred within thirty days of the entry of the court's May 19, 2015, order. Thus, the time for the Grissingers' to file a notice of appeal to this Court was "tolled" until the trial court entered its order on September 17, 2015. Therefore, the Grissingers' subsequent appeal, which was filed within thirty days thereof, is timely. **See** Pa.R.A.P. 903(a).

II.     Should the location and extent of the easement be limited to the 70 feet necessary to get [the Kehrs] to the border of their property from the public road?

The Grissingers' Brief at 5.

In their first issue, the Grissingers argue that they have neither waived their right to challenge the location of the easement nor are they precluded from challenging the location of the easement due to this Court's previous decision. The Grissingers' argument is apparently made in response to the following analysis, which the trial court provided in its most recent Rule 1925(a) opinion: "[The Grissingers] did not raise [the] location [issue] in their post-verdict motion nor did they raise the issue [previously] before the Superior Court. Therefore, we believe the issue has been waived." Trial Court Pa.R.A.P. 1925(a) Opinion, filed 11/23/15, at 6 (citing Pa.R.C.P. 227.1(b)(2)).

Our review of the record reveals that, following the August 2013 bench trial and November 1, 2013, order, the Grissingers filed a timely motion for post-trial relief in which they preserved challenges to both the Kehrs' entitlement to the easement by necessity, as well as the trial court's location thereof. *See* Pa.R.C.P. 227.1; ***Chalkey v. Roush***, 569 Pa. 462, 805 A.2d 491 (2002) (holding that a party must file a post-trial motion from a trial court's order following an equity bench trial in order to preserve issues for appeal). In response, by order entered on January 31, 2014, the trial court

granted the Grissingers' post-trial motion, thus setting aside its November 1, 2013, order and dismissing the Kehrs' equity action.

As the prevailing party in the court below as to all claims, contrary to the trial court's instant suggestion, the Grissingers were not required to appeal from the trial court's January 31, 2014, order. Moreover, the issues raised by the Kehrs in the previous appeal to this Court, as well as the basis of our decision, related solely to the Kehrs' entitlement to the easement by necessity and did not address the location thereof. In short, the Grissingers' issue regarding the location of the easement is not precluded. **See Matternas v. Stehman**, 642 A.2d 1120 (Pa.Super. 1994) (discussing the concepts of *res judicata* and *collateral estoppel*).

Furthermore, after our reversal and upon remand, the Grissingers timely filed a motion for reconsideration challenging the trial court's May 19, 2015, order and raising claims regarding the location of the easement. Thus, we agree with the Grissingers that they have neither waived their issue regarding the location of the easement nor are they precluded from challenging the trial court's order with regard thereto.

In their second issue, the Grissingers allege the trial court erred with regard to the location of the easement by necessity. Specifically, they assert the trial court erred in providing for the following location of the easement: "from the Township Road known as McKinleyville Road over and across [the Grissingers'] property at the 'Upper Woods Road' location depicted over the

'Plan Showing Right-of-Way Granted to [the Kehrs]' prepared by Kirby D. Lockard, Registered Professional Land Surveyor, Africa Engineers & Land Surveyors, Inc., dated February 17, 2015[.]"  Trial Court's Order, filed 5/19/15.  In this regard, they note there is no evidence that the "Upper Woods Road" is a proper location for the easement and, additionally, no evidence that the easement should be longer than 70 feet.

Our standard of review is well-settled:

> [A]ppellate review of equity matters is limited to a determination of whether the [trial court] committed an error of law or abused [its] discretion. The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious.

*Phillippi v. Knotter*, 748 A.2d 757, 758 (Pa.Super. 2000) (citation omitted).  Furthermore, with respect to the scope of an easement by necessity, a reasonableness standard is utilized.  *See Solitis v. Miller*, 444 Pa. 357, 282 A.2d 369 (1971); *Graff v. Scanlan*, 673 A.2d 1028 (Pa.Cmwlth. 1996).

Here, in explaining how it determined the location of the easement by necessity, the trial court explained the following:

> [The Kehrs]. . .were clear that the easement they sought (and were granted) was the easement created in 1987 and used for eleven (11) years by a prior owner of their property.  Their evidence pointed directly at the conclusion that "Woods Road" was the only easement that was appropriate under all the circumstances in the case.  Their evidence was the only evidence in the case with respect to location and therefore was the factual basis for the November 1, 2013, order.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed 11/23/15, at 5. Moreover, the trial court noted that the survey plan referenced in its May 19, 2015, order was merely "an enlarged version of the survey referenced in the November 1, 2013, order." *Id.* at 3. We find no abuse of discretion or error of law in this regard. *See Phillippi*, *supra*. Accordingly, we affirm the trial court's order.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016